WheeleR, J.
Tlie objection taken to tlie sufficiency of the bond, clearly, is not tenable. The ” amount in controversy,” in contemplation of tlie statute, (Hart. Dig., art. 1753,) must be considered, for the purpose of determining the amount'of the bond to be given to obtain the certiorari, by tlie amount of the judgment to be superseded. " A bond in double tlie amount of the judgment will afford a security to tlie party whose judgment is suspended, as ample as a bond in double tlie amount sued for before the justice. And this must have been what the Legislature intended.
The materia] question to he determined is, does the petition disclose facts sufficient to entitle the plain till' to the writ?
In support of tlie negative of this question, we have been referred to tlie decisions of tlie Supreme Court of Tennessee, where it appears to have been held that a petition for a certiorari is to he regarded as an application for a new trial, and is subject to tlie application of the same rules.
This is a convenient and may be a just doctrine in its application in practice in that State. But here, where an appeal is not allowed from the decision of a justice, and the only mode of revising his judgments and correcting his erroneous decisions is by certiorari, or some other remedial writ, less strictness ought, we think, to be required.
If tlie trial was by a jury of twelve men, and before a court competent to instruct them in the law and their duty, the party ought not; on principle, to he allowed a new trial, unless he could bring his application within tlie well-settled rule’ governing new trials in tlie District Court; and there would be propriety anil justice'in applying the rule adopted by tlie Supreme Court of Tennessee. But where the trial has been by a jury of six men. ignorant of tlie law, before a justice of the peace no better informed, perhaps, than themselves as to tlie law, tlie justice of applying the rules which govern new trials in the *120 District Court to an application for a reinvestigntion of the ease on its merits before a tribunal more competent to administer tin; justice and law of the case, may well bo questioned. The presumption that justice has been clone is certainly
Note rg. — Davis v. Pinckney, 20 T., 340.
Note 37. — Hooks v. Lewis. 1G T., 551; Clayv. Clay, post, 250; Hope v. Alley, 11 Tex., 259; Inge v. Ponson, 15 T. 315; Connally v. Renn, 17 T-, 123; Peabody v. Buentillo, 18 T., 313; Robinson v. Jjakey, 19 T.. 139 ; Jones v. Nold, 22 T., 379; Givens v. Blocker, 23 T., 033; Darby v. Davidson. 27 T., 432; Clark v. Hutton, 28 T. 123; Cordes v. Kauffman, 29 T., 179; Ham man v. Lewis, 84 T.,474.
less cogent in the latter case than it would be in the former; and, in reason and on principle, less ought to be deemed sufficient to repel that presumption and entitle the party to a rehearing.
The administration of justice is intended to afford protection and security to the rights of person and property. But it can scarcely be supposed tliat there would bo security or protection afforded to either by a trial before a justice of tlie peace and six jurors, whose decision may involve a determination affecting character and the rights deemed by the law sacred and inviolable, if that decision is to be held final and irreversible in any other proceeding by any other tribunal, unless the party aggrieved can bring his application strictly within the technical rules which góyern new trials in courts of law.
Such strictness ought not, we think, to be required in an application for a certiorari to revise the decision of a justice of the peace. But where, from the averments of the petition, if true, (and they are to be taken as true on a mol ion to dismiss for the want of merits in the petition,) it appears that the party has merits, and there is reason to apprehend that injustice may have been done him without any fault of his, and especially where, as in the present case, the decision is one which affects not only his property but his reputation, — the writ ought to be granted and a new trial awarded.
We are of opinion that the petition, in the present case, showed sufficient cause for the awarding of the writ, and that the court erred in dismissing it. The judgment is therefore reversed, and the cause remanded, for further proceedings.
Judgment reversed.