## William G. Kirk v. Charles Graham.

In cases of *certiorari* to Justices' Courts, if it do not appear from the Justice's return, that there was a final judgment, the *certiorari* should be dismissed.

Where, on an application for a *certiorari*, the petitioner (plaintiff in the Justice's Court) alleged that he had not attended the trial, because the Justice had informed him that if he would perfect the surveying for which the note, sued on, was given, the defendant would make no defence, and that he had sent a Deputy Surveyor to finish the work, and was informed it was done, the Court said the excuse was not sufficient, that it did not show any privity between the Justice and the defendant, to have authorized the Justice to say for him what he would do.

Appeal from Cass.

*M. D. Rogers*, for appellant.

*S. F. Moseley*, for appellee.

Lipscomb, J.   The appellee, Graham, sued the appellant before a Justice of the Peace, on a note for six dollars.   What was done in the Justice's Court does not appear, further than the issuance of the summons by the Justice of the Peace, and the return of the Sheriff, defendant not found.   The appellee prepared his petition to the District Judge, in which he alleges that he had brought suit before the Justice against the appel-

lant, and that a judgment had been rendered against him, petitioner, for cost, amounting to _____ dollars; that great injustice was done him; and that he did not attend the trial, before the Justice, in consequence of the Justice informing him that if he would perfect the surveying for which the note was given, Kirk would make no defence; that he sent a Surveyor to finish the work, and is informed it was done; that he left for the West before the day of trial, and did not return in time to take an appeal. The *certiorari* was awarded, and at the first Term of the District Court, to which it was returnable, the appellant moved to dismiss it, because, first, there was no judgment in the Justice's Court, nor had there been any service upon him; secondly, no equity in the plaintiff's petition. There was, after this motion had been made, a suggestion of a diminution of the record, and the cause was continued, and was again continued at another Term. There was no effort to get a more perfect return from the Justice, nor was it shown that anything had been done, further than, as above shown, the issuance of the summons by the Justice and the Sheriff's return of not found.

We believe that if it was not shown that there had been a Judgment in the Justice's Court, showing a final disposition in that Court, the District Court ought not to have taken cognizance further of the matter, but ought to have dismissed the petition. If the judgment had been rendered, and the evidence thereof was with the Justice, it ought to have been required of him to make a more perfect return. If it had been lost or destroyed, it was competent to have proven such loss or destruction of the judgment. From all that appears, the suit had been commenced before the Justice, but not matured into a judgment, and the defendant had not been brought into his Court by service of process, and the case has been taken from him by an unauthorized act of the District Court. We believe the motion to dismiss ought to have been sustained.

But if there had been a judgment of the Justice, there is not any sufficient ground shown in the petition, according to the course of our decisions, to have authorized the writ of *certio-*

*rari.* The excuse for not attending the trial is not sufficient. It does not show any privity between the Justice of the Peace and Kirk, the defendant, to have authorized the Justice to have said, for him, what he would do ; and if the petitioner for the *certiorari* had used ordinary diligence, he could have known from a better source, what the defendant was willing to do. On this ground, also, the motion of the appellant in the District Court ought to have been sustained. The judgment of the District Court, in favor of the appellee, is reversed, and the case is ordered to be dismissed at the cost of the appellee.

Reversed and dismissed.