WARREN HOOKS V. CHARLES LEWIS AND ANOTHER.

Where it appears by the allegations of a party complaining of the judgment of a Justice of the Peace, that he has merits, and there is reason to apprehend that injustice has been done him, without any fault of his own, he will be entitled to a certiorari to remove the case to the District Court for a new trial on the merits.

Where a bond for certiorari to a Justice's Court, in a case of forcible entry and detainer, was conditioned to prosecute the suit to effect, and pay all sums of money or damages that may be awarded against him by said Court, and comply with the order, judgment, or decree, of the same, it was held to be a substantial compliance with the Statute.

Appeal from Bowie. Before the Hon. William S. Todd.

Petition by appellant for certiorari to Hezekiah Bayless, Justice of the Peace, to remove to the District Court, for trial *de novo*, a judgment rendered by said Justice on the 12th December, 1854, against petitioner, favor of the defendants, Charles Lewis and John W. Leigh, in an action of forcible entry and detainer, which judgment is illegal and against the evidence, for the following reasons: Former judgment before another Justice of the Peace in favor of petitioner, removal of same to District Court by certiorari, and dismissal of certiorari; that said former judgment and acquittal was by him pleaded in bar in said action, which plea was by the said Hezekiah overruled. The subject matter of said action being some thirty or forty acres of land, which defendant and those through whom he deraigns right had owned, enjoyed and possessed for the space of twelve or fifteen years prior to the arising of the present contention; and avers that he pleaded specially the several statutes of limitation. Petitioner further avers that he offered in evidence on the trial a deed of release, signed, sealed and delivered, by which said Charles Lewis and John W. Leigh sold and conveyed to petitioner the very land

in controversy, and by which petitioner pleaded that said Lewis and Leigh were forever estopped, which evidence was by said Justice ruled out as being inadmissible. Then followed averments of partiality of one of the jurors who tried the case before Justice Bayless.

The condition of the bond, after describing the judgment same as in the petition and the application for the certiorari, continued as follows : Now if the said Warren shall prosecute his said suit to effect, and pay all sums of money or damages that may be awarded against him by said Court, and comply with the order, judgment or decree of the same, then this obligation to be null and void, otherwise to remain in full force and effect.

Motion to dismiss, on the ground

1st. That the petition shows no error in the action of the Justice of the Peace, nor any illegality, nor that injury or injustice has been done.

2nd. The bond is not such as required by law. It neither describes the judgment, nor is conditioned according to law.

Motion sustained.

*J. T. Mills*, for appellant, cited O'Brien v. Dunn, 5 Tex. R. 570 ; 5 Id. 433 ; Id. 528 ; 7 Id. 236.

*Pirkey*, for appellees. The decision of the Judge should be sustained—

1st. Because there is no equity shown in the petition for certiorari. It does not even deny appellees' cause of action ; that they were in peaceable possession of the land, and that appellant forcibly ejected them ; nor in fact that they were entitled to the possession. (Clay v. Clay, 7 Tex. R. 250.)

2nd. Because the bond for certiorari is not conditioned according to law. (Hart. Dig. 1436 ; 10 Tex. R. 279.)

The allegation of a former judgment is unworthy of notice, as he, appellant, does not state that it was upon its merits.

Hooks v. Lewis.

WHEELER, J. The averments of the petition are not as full and certain, as respects the facts and merits of the case, as they might have been. But we think them sufficient to entitle the petitioner to a certiorari. It appears by the petition that the complainant has merits ; and that the Justice erred, to the prejudice of his right, in rejecting the record of the former judgment, and the deed of release, under which, it seems, he claimed to be rightfully possessed of the premises in dispute. If the averments of the petition be true, there is cause to believe that injustice was done the party by the rulings complained of. And we have heretofore held that, where it appears by the allegations of the party complaining of the judgment of the Justice of the Peace, that he has merits, and there is reason to apprehend that injustice has been done him, without any fault of his own, he will be entitled to a certiorari to remove the case to the District Court for a new trial on the merits. (King v. Longcope, 7 Tex. R. 239.)

It is objected to the sufficiency of the petition, as respects the plea of the former judgment, that it is not averred that it was a judgment on the merits. This objection, however, was not taken in the motion to dismiss ; the judgment is spoken of in the petition as a judgment of acquittal ; and it would, perhaps, be applying greater strictness than ought to be applied in this proceeding, to hold the want of a former, express averment to that effect, fatal to the petition in this particular, when first made in this Court. But if this averment, as to a former judgment, were rejected, still we think the petition contains enough to entitle the complainant to a hearing in the District Court upon the merits of his case.

The bond, though not conditioned in the very words of the statute, contains substantially the condition which the law prescribes ; and is therefore a substantial compliance with the statute. (Hart. Dig. Art. 1753, 1740.)

We are of opinion that the Court erred in dismissing the

petition ; and that the judgment be reversed and the cause re-
manded.

Reversed and remanded.