## PRESTON CONNALLY v. CASPAR RENN.

All that the practice of the Court requires in petitions for writs of certiorari to Justices' Courts, is that they state enough reasonably to satisfy the mind of the Court, that the petitioner has merits, and that injustice was probably done him by the judgment of the Justice, without any fault of his own.

We have seldom reversed the decision of the District Court sustaining a petition for a certiorari to obtain a new trial in that Court of a case decided by a Justice of the Peace.

The result of the trial in the District Court in this case has shown that the merits of the case were with the complainant.

Error from Cherokee. Tried below before the Hon. Wm. W. Morris.

The petition for certiorari alleged that some time in December last one Preston Conally of said county, instituted an

action of damages against your petititioner, before one B. F. Sills, an acting Justice of the Peace in and for said county in beat No. — for one hundred dollars, alleging that this petitioner had hired of said Conally a horse of the value of one hundred dollars, promising in due time to return said horse, but that the petitioner had failed so to do ; on the other hand your petitioner proved on said trial, which took place on the 28th inst., that your petitioner never hired said horse of said Connally, but that, on the contrary, another man styling himself Raesle, did hire said horse ; this contract your petitioner proved by two unimpeachable witnesses to have been entered into, between said Connally and Raesle ; further, your petitioner proved on said trial, by two witnesses of veracity, that Connally himself had admitted to them that he did contract with said Raesle for the use of said horse at the time said Connally alleged that your petitioner hired the horse in controversy. Notwithstanding all this insurmountable proof, verdict and judgment were rendered on said trial against your petitioner. Your petitioner further shows to your Honor, that after said trial and its result, your petitioner found evidence which he believes will still more strongly justify his defence to the above action, and that your petitioner could not have the benefit of said testimony at said trial, because he knew not of the existence thereof. Your petitioner can prove by one Hugh L. Givens, that Connally himself let Raesle have said horse, and that the petitioner could not have this testimony on the trial, because he accidentally ascertained after the trial that he could prove these facts by said Givens. Your petitioner would also state that the oath administered to the jury on said trial, was not such as the law directs. That petitioner has a good defence upon the facts, &c. The plaintiff moved to dismiss on the ground that no error was shown, and because the petitioner stated only the evidence of the defendant, and not that of the plaintiff. Motion overruled. Trial and judgment for the defendant.

*Donley & Anderson,* for plaintiff in error, cited Perden v. Steadham, 8 Tex. R. 274.

*J. Everett,* for defendant in error, cited Steinlein v. Dial, 10 Tex. R. 268 ; Luckett v. Townsend, 3 Id. 119.

WHEELER, J. The petition is not so full, direct and certain in its statement of the merits of the complainant's case as would be desirable. But there is enough stated resonably to satisfy the mind of the Court, that he has merits ; and that injustice was probably done him by the Judgment of the Justice, without any fault of his own ; and that is all that the practice of the Court requires in this class of cases. Though the petition may be liable to the objection that it does not state the facts of the case as fully as it should have done, yet we think it may be held substantially sufficient, under the decisions and practice of the Court. (King v. Longcope, 7 Tex. R. 239 ; Hooks v. Lewis, 16 Id. 551.) Parties have not been held to the same strictness of pleading in this class of cases, as in ordinary suits in the District Court. We have seldom reversed the decision of the District Court sustaining a petition for a certiorari to obtain a new trial in that Court, of a case decided by a Justice of the Peace. The result of the trial in the District Court in this case has shown that the merits of the case were with the complainant. There is no reason to apprehend that justice was not finally administered ; and we are of opinion that the judgment be affirmud.

Judgment affirmed.