JOHN W. P. McKENSIE v. WILLIAM PITNER AND ANOTHER.

In making out a statement of the case before the Justice, on a petition for *certiorari,* there must be such fullness and certainty in the averments, as will show what the case really was ; that some material error or injustice had been done the petitioner, or that he had not been able to avail himself of a legitimate defence. There should be a reasonable degree of certainty, but not that extreme degree which is described in law as certainty to a certain intent in every particular, and which rebuts every conclusion to the contrary.

Error from Rusk. Tried below before the Hon. William W. Morris.

The facts are stated in the Opinion.

*N. G. Bagley*, for plaintiff in error.

*S. P. Hollingsworth*, for defendants in error.

HEMPHILL, CH. J.   The petition for *certiorari* alleges, in substance, that the plaintiff sold a mule to the defendant William Pitner, and David P. Brown, the deceased intestate of the defendant Taylor Brown, for the sum of ninety-three dollars and fifty cents, for which they gave their note payable on the 25th Dec., 1853 ; that having refused to pay said note when it became due, he instituted suit for its recovery, before William C. Kelly, a Justice of the Peace, which was tried on 4th March, 1854, and judgment given against the plaintiff ; that the defendants pleaded and attempted to prove failure of consideration, but they only proved that the mule sickened and died a short time after the sale, but failed to prove that the mule was unsound at the time of the sale, or that it died of any disease that it had at that time ; or that any fraud had been practiced upon defendants by petitioner ; but they showed only that the mule took sick after the sale, and that they continued to work it for some time after it became sick.

The fair inference from these statements is, that the defence set up against the note was failure of consideration, in this, that the mule was unsound ; that the defendants failed to sustain this defence, proving only that the mule took sick after the sale, but not that the animal was diseased at the time of the sale.   If this be true,—and, on the motion, the allegations must be taken as true,—the defence as set up was not sustained, and the judgment was manifestly against the evidence. It is true, that the plaintiff does not distinctly aver that there was no other defence to the action, but this is the fair and legitimate deduction from the averments.   Nor does he allege that there was no offset, or that all discounts and payments had been allowed.   But this was not necessary.   The manifest

conclusion from the pleadings is, that the whole of the note was due, and that the only defence before the Justice was failure of consideration.

In making out a statement of the case before the Justice, on a petition for *certiorari*, there must be such fullness and certainty in the averments, as will show what the case really was ; that some material error or injustice had been done the petitioner, or that he had not been able to avail himself of a legitimate defence.

There should be a reasonable degree of certainty, but not that extreme degree which is described in law as certainty to a certain intent in every particular, and which rebuts every conclusion to the contrary.

Judgment reversed and cause remanded.

Reversed and remanded.