## C. W. CRAWFORD V. J. B. CRAIN AND ANOTHER.

The certificate of a Clerk, of the attendance of a witness, is *prima facie* evidence, in a suit by the witness, against the party at whose instance he was subpœnaed, to recover his fees.

Where the petition for a *certiorari* alleges that the Statute of Limitations was relied on at the trial in the Justice's Court, it will be taken to be true on a motion to dismiss, although it does not appear from the entries on the Justice's Docket, that any defence was made.

The claim of a witness, for his attendance, is barred in two years ; at least where he has failed to obtain a certificate from the Clerk.

Appeal from Rusk. Tried below before the Hon. William W. Morris.

Suit commenced February 1st, 1856, in a Justice's Court, by C. W. Crawford against J. B. Crain and G. H. Ramey, on a witness certificate in favor of T. R. Pitner, assigned to the plaintiff. The certificate was dated December 21st, 1855, and was for nine days attendance at the Spring Term, 1853, seventeen days at the Fall Term, 1853, six days at the Spring Term, 1854, three days at the Fall Term, 1854, and thirteen days at the Spring Term, 1855, in the case of Mathew Wood v. Crain and Ramey, at one dollar per day. Judgment for plaintiff for $48. *Certiorari* by defendants. The petition for *certiorari* alleged that the suit of Wood v. Crain and Ramey was finally disposed of at the Spring Term, 1855, by dismissal by consent, each party to pay his own costs ; that it was proved that Pitner had been summoned as a witness by one of the defendants in said suit, but that there was no proof as to whether or not he ever attended as such ; that it was shown that on the 14th of July, 1855, an execution was issued against Crain and Ramey for all the costs then appearing to be due, but that Pitner not having made any claim up to that time, the

fees for his attendance were not then taxed, nor included in said execution ; that on this evidence the Justice rendered said judgment, for the whole amount of said certificate, although a considerable portion, as petitioner is advised, was evidently barred by the Statute of Limitations, relied on in the trial, and the whole of the certificate was illegal and void, and furnished no foundation for a recovery, &c.

The entries in the Justice's Docket did not show that any defence was there made.

A motion to dismiss the petition for *certiorari* was overruled.

At the trial in the District Court, the certificate and assignment thereof, the judgment in suit of Wood v. Crain and Ramey, and the execution thereon, were in evidence ; and Pitner was called as a witness, and proved his attendance as stated in the certificate. The Court charged the jury that if Pitner did not prove and obtain his certificate of attendance before the issuance of the execution, the plaintiff was not entitled to recover.

Verdict and judgment for defendants, &c.

*M. Casey*, for appellant. In Hardy v. DeLeon, 7 Tex. R. 466, the remedy employed to collect the witness' fees, was execution, and of course they had to be claimed before the execution was issued on the judgment. The case of Flores v. Thorn, 8 Tex. R. 377, is in point, and determines the case for the appellant.

WHEELER, J. The certificate of the Clerk was *prima facie* evidence of the plaintiff's right. (Flores v. Thorn, 8 Tex. R. 377.) But it appeared upon the face of the certificate, that a considerable portion of the claim was barred ; and the petition avers that the Statute was relied on at the trial before the Justice. Yet the Justice gave judgment for the full amount. On this ground the motion to dismiss the *certiorari* was rightly overruled.

It is objected that it does not appear by the petition, that the *certiorari* was applied for in time. It, however, does so appear by reference to the Justice's transcript, which was before the Court when the motion to dismiss was made ; and we have repeatedly held that upon a motion to dismiss a *certiorari* the Court may look to the transcript brought up from the Justice's Court, to aid in determining upon the motion. Besides, this ground was not embraced in the motion ; and the party will be confined in this Court to the grounds of his motion in the District Court. The Court did not err in overruling the motion to dismiss.

But the judgment upon the merits is erroneous. Judgment for the costs having been rendered against the party at whose instance the witness was summoned, the witness had his election of two remedies ; either to avail himself of the execution upon the judgment for the recovery of his fees, or to bring suit against the party primarily and directly liable to him, in case of his refusal to pay. If he chose the latter remedy, the only restraint, as to time, was the Statute of Limitations. (Flores v. Thorn.) He was not precluded from claiming his dues of the party, by his failure to have them taxed before the issuance of execution. It might have been otherwise if the costs had been adjudged against the opposite party ; for then his failure would have prevented the party recovering them from collecting them upon his execution. But as the execution was against the party liable originally to the witness, he was not bound to avail himself of that remedy. The Court, therefore, erred in the charge to the jury, and the judgment on the merits is erroneous. The judgment is reversed and the cause remanded.

Reversed and remanded.