## A. H. JONES v. HENRY NOLD.

A petition for certiorari should state substantially all the evidence introduced on the trial before the justice; but the court will not dismiss the petition for the want of such statement, if it appear from the allegations in it, and the inspection of the transcript from the Justice's Court, that the judgment was necessarily erroneous.

The District Court, when considering a motion to dismiss a petition for certiorari, will always look to the transcript from the Justice's Court.

There should be a reasonable degree of certainty, in a petition for certiorari; but not that extreme degree, which is described in law, as certainty to a certain intent in every particular, and which rebuts every conclusion to the contrary.

A certiorari ought to be granted, where, from the averments of the petition, if true, it appears that the party has merits, and there is reason to apprehend that injustice may have been done him, without any fault of his.

Tested by these rules, as to the certainty required, the petition in this case was held sufficient, although it did not allege that no tender was made by the defendant, before the institution of the suit.

APPEAL from Gonzales. Tried below before the Hon. Fielding Jones.

This suit was originally brought by the appellee against the appellant, in the Justice's Court, on the following account:

Board and tuition of William E. Jones, a son of the
    appellant, from May 30th, 1857, to July 11th, 1857,
    at $20 per month, - - - - - - $30 00
July 11th, 1857. To cash furnished son to bear expenses home, - - - - - - - 20 00

    Total, - - - - - - - - $50 00
Cr. By lost time, one week, - - - . $2 00
    July 11th, 1857, amount due, - - 48 00

On the trial in the Justice's Court, the verdict of the jury was as follows: "we the jury find for the plaintiff, the twenty "dollars advanced to W. E. Jones, and the plaintiff to pay the "costs of suit."

The petition for certiorari alleged, that the plaintiff moved for a new trial, on the ground that the verdict of the jury was contrary to the law and evidence; which motion was overruled by the justice. The petition also alleged, "that said verdict "was manifestly contrary to law; in that, it gave judgment "for the plaintiff for $20, and yet taxed him with the costs of "suit."

The appellee brought the case to the District Court, by certiorari. Motion to dismiss the petition for certiorari overruled. Judgment for the appellee, for the amount of the account sued on, deducting a payment of twenty dollars made thereon, by the defendant in the Justice's Court, making the amount of the judgment twenty-eight dollars.

The other facts appear from the opinion.

*E. Lewis*, for appellant, cited Ford v. Williams, 6 Tex. Rep. 311; Criswell v. Richter, 13 Id. 18; O'Brien v. Dunn, 5 Id. 570; Robinson v. Lakey, 19 Id. 139.

*Mills* and *Batchellor*, for appellee. 1st. The petition for certiorari was properly sustained. It was not necessary to incumber the record with all the testimony. The verdict of the jury, finding for plaintiff twenty dollars, and yet taxing him with costs, was contrary to law, and sufficient, *primâ facie*, to sustain the petition, on motion to quash; which admits the truth of the matters set up in petition. (Crawford v. Crain, 19 Tex. Rep. 145; McKensie v. Pitner, Id. 135.) It was the intention of petitioner to give, in substance, all the facts in evidence, from which it appeared that injustice was done him before the justice. This is sufficient. (King v. Longcope, 7 Tex. Rep. 236; Hooks v. Lewis, 16 Id. 551; Connally v. Renn, 17 Id. 125.)

2d. The transcript of the court below shows no legal tender was made. Defendant ruled plaintiff for costs, but on trial, after plea in reconvention, he brought twenty dollars into court, and submitted it to the jury to say, whether plaintiff was en-

titled to it or not.   A tender to save costs must be absolute; not conditional.   (Brock v. Jones, 16 Tex. Rep. 461.)

BELL, J.   The error relied on is, that the District Court erred in overruling the motion to dismiss the petition for certiorari.

A petition for certiorari, ordinarily, should state substantially the whole of the evidence introduced on the trial before the justice of the peace, so that the district judge, to whom the application for certiorari is presented, may see the whole case, as it was developed before the inferior court.   The petition, in the present case, does not purport to state the whole of the evidence on the trial before the Justice's Court.   It does not state what evidence was introduced by the defendant; nor does it state that the defendant introduced no evidence before the magistrate.

This petition would therefore be insufficient, but for the fact that it contains the averment, that the justice rendered judgment in favor of the plaintiff, for a portion of his demand, and at the same time rendered judgment in favor of the defendant for the costs.   This judgment would not be authorized, but in the single case of a tender, made before the institution of suit, and the payment of the money into court.   The transcript from the Justice's Court, which was before the District Court, when the motion to dismiss the petition for certiorari was made, did not disclose the fact, that the defendant had made a tender, before the institution of suit by the plaintiff, and had paid the money into court.   The transcript from the Justice's Court, therefore, did not afford any explanation of the judgment rendered by the justice.

The District Court will always look to the transcript from the Justice's Court, when considering a motion to dismiss a petition for certiorari.   (Aycock v. Williams, 18 Tex. Rep. 393; Spivy v. Latham, 8 Humph. Rep. 703; Edde v. Cowan, 1 Sneed's Rep. 290; Crawford v. Crain, 19 Tex. Rep. 145.)

This petition, then, presented to the District Court the case

of a judgment necessarily erroneous, except upon the supposition that there had been a tender, before the institution of suit, and the payment of the money into the Justice's Court, at least before verdict. The question of the sufficiency of the petition for certiorari, is, therefore, narrowed down to the single question, whether or not the petitioner ought to have stated that there had been no tender, before institution of suit, &c. We do not think such strictness ought to be required. In the case of McKensie v. Pitner, 19 Tex. Rep. 135, this court said, "There should be a reasonable degree of certainty in a petition "for certiorari, but not that extreme degree, which is described "in law as certainty to a certain intent in every particular, "and which rebuts every conclusion to the contrary." In the case of King v. Longcope, 7 Tex. Rep. 236, it was said, that "a certiorari ought to be granted, where, from the averments "of the petition, if true, it appears that the party has merits, "and there is reason to apprehend that injustice may have been "done him, without any fault of his." The same was said, in the case of Hooks v. Lewis, 16 Tex. Rep. 551, and in Connally v. Renn, 17 Id. 123. Tested by these rules, we think the petition for certiorari, in this case, was sufficient; and that the court did not err in overruling the motion to dismiss it. Another consideration is, that the trial, in the District Court, seems very clearly to have attained the ends of justice. The judgment is affirmed.

Judgment affirmed.