JOHN B. PERRY V. LOVETT AND ANOTHER.

It is not sufficient in a petition for *certiorari*, from a justice's court, in stating the facts in evidence, to aver, that a certain fact, (which was a material one,) was *satisfactorily* proved, without setting forth the substance of what was proved.

The petition for *certiorari*, of a defendant, who has been sued on an account, complaining that the court had no jurisdiction, because of his residence in another county, is not sufficient, if it do not also show, that the debt was not contracted to be paid in the county, where suit was brought.

APPEAL from Gonzales.   Tried below before the Hon. Fielding Jones.

This was a *certiorari* from a justice's court.   The suit was commenced by Lovett & Acock, against John B. Perry, on an account for $20.50, before a justice of the peace, for precinct No. 1, in the county of Gonzales.

The petition for *certiorari* alleged, that the defendant, Perry, appeared before the justice, by his attorney, " and showed by the testimony of credible and unimpeachable witnesses, that at the time of the commencement of the said action, and for a considerable length of time previously, he was not a resident of precinct No. 1, in the county of Gonzales, Texas, but that he had removed from the said county, and was then living at his present residence, in the city of Austin, Travis county, Texas."   "That, notwithstanding the above facts were *satisfactorily proved* be-

fore said justice of the peace, on the trial, he rendered a judgment against your petitioner, on the said 4th day of June, for the said sum of $21.50, with costs; thereby assuming, and exercising a jurisdiction over him, when his residence was satisfactorily proved to be beyond his precinct, and not in an adjoining precinct, in which there was no justice of the peace."

A writ of *certiorari* was awarded on the petition, and in the District Court, the plaintiffs filed a motion to quash the writ, and dismiss the case, because: 1st. The petition does not give a statement of all the facts proved at the trial of the cause. 2d. It does not negative all the exceptions to the rule, that entitles the defendant to be sued in the county of his residence.

The motion was sustained, and the *certiorari* dismissed.

*Parker & Miller*, for the appellees, cited, Phillips v. Parr, 19 Texas Rep. 91; Johnson v. Lane, 12 Id. 179; Mays v. Lewis, 4 Id. 1; 5 Id. 570; 7 Id. 250.

ROBERTS, J.—The petition for *certiorari* was not sufficient, because it assumes to state, that the evidence adduced to prove the residence of appellant, was satisfactory, without stating in substance, what was proved on the trial. Nor does it show that the debt was not contracted to be paid in the county, where suit was brought. Judgment is affirmed.

Judgment affirmed.