J. W. OWENS v. A. LEVY ET AL.

(No. 2783, Op. Book No. 4, p. —.)

APPEAL from Navarro County.    Opinion by WILL-
SON, J.

1 w 177
§ 407
1 w 179
2 w 378
2 w 492
2 w 591
3 w 319
1 w 177
§ 407
82T 398
1    177
§ 407,
82t 398

§ 407. *Appeal bond; description of judgment in.*   Ap-
pellant instituted suit in justice's court, and on trial judg-
ment was rendered against him that he take nothing by
his suit, and that he pay all costs.   His bond on appeal
to the county court described the judgment by stating
the style and number of the suit, the court in which it
was rendered, the date of rendition, and that it was a
judgment against him for costs, but omitting to state also
that it was adjudged that he take nothing by his suit.
On motion, the bond was held insufficient to give jurisdic-
tion, because the judgment described was not a final
judgment.   That the judgment is not final is well settled.
[Green v. Banks, 24 Tex. 525; Holt v. Wood, 23 Tex. 474;
Martin v. Wade, 22 Tex. 224.]

§ 408. *Can judgment rendered be looked to to cure de-
fect of description in bond? jurisdiction.*   It is insisted
that, in determining the question of jurisdiction, we are
not confined to the description of the judgment as con-
tained in the bond, but may look to the judgment act-
ually rendered and entered as shown by the transcript of
the justice.   If we are at liberty to do this, the difficulty
vanishes, for, as shown by the transcript, the judgment
appealed from is unquestionably a final judgment.   Can
we look to the transcript of the judgment in support of
the jurisdiction of the court, or must the appeal bond in
and of itself show the final character of the judgment?
It is settled that in acting upon a motion to quash or dis-
miss a *certiorari* from a justice's court, the court will al-
ways look, when necessary, to the transcript of the
justice to determine the merits of the motion.   [Kirk v.
Graham, 14 Tex. 316; Aycock v. Williams, 18 Tex. 392;
Jones v. Nold, 22 Tex. 379; Darby v. Davidson, 27 Tex.

432; Seeligson v. Wilson, Supreme Ct. Galveston Term, 1883.] We can perceive no good reason why the same rule should not obtain in the case of an appeal from a justice's judgment. It is required by law that a transcript of all the entries upon the justice's docket made in the case, together with the original papers, shall be transmitted to the county court upon appeal taken. When the question arises as to the jurisdiction of the appeal, we think it is proper to look to the entire record in determining the question. In this case the bond does not misdescribe the judgment; it describes it accurately, but not fully. We are not, therefore, considering a misdescription of the judgment. *Held*, that the county court erred in dismissing the appeal upon the ground that the appeal bond was insufficient to give the court jurisdiction.

§ **409.** *Appeal bond; character and conditions of, where judgment of justice is for costs only.* It is suggested that where a judgment of a justice is for costs only, that an appeal bond such as is required by art. 1400, Rev. Stats., must be given, and that a bond given in accordance with art. 1639 is not the bond which is required in such case. Colorado Co. v. Delaney, 54 Tex. 280, is cited in support of this proposition, in which it was held that the appeal bond under art. 1639 is required to be in double the amount of the judgment for the debt only, exclusive of the costs. We are not prepared to follow this decision, because we think it adverse to the intention of the lawmakers, when enacting article 1639. The judgment in this case was that defendant recover of plaintiff all costs incurred. What, then, would be "double the amount of the judgment" in this case? Clearly, double the amount of such costs. To hold as was held in the case cited must have the effect to render this article entirely inoperative in a case like this. We think the legislature intended this article should apply to all appeals from justices' courts, and it is not reasonable to conclude that, in cases like this, it was intended to give the appeal without bond, nor to compel a resort to article 1400, ap-

plicable alone to district and county courts, and by virtue of article 1644 make the bond there provided for the bond for such cases as the one before us. Such a construction, it appears to us, would be a strained and unreasonable one, and not in accord with the well established rules governing statutory construction.

May 23, 1883. Reversed and remanded.