### E. A. BALLARD v. S. A. MURPHY.

(No. 3567.)

APPEAL from Kaufman County. Opinion by WILLSON, J.

DILLARD & STROUD and JACK & JACK, counsel for appellant.

No counsel appeared for appellee.

§ 171. *Witness fees; when suit for not maintainable; limitation of action for; amendment of pleading on appeal to county court.* This action was instituted in justice's court by appellee, Murphy, against appellant, as administratrix of the community estate of herself and her deceased husband, to recover the amount of certain witness fees accrued in a suit in which A. J. Ballard, the

decedent, was plaintiff, and Erie Byrd was defendant, said fees aggregating $144.61. The suit, as originally instituted and prosecuted in the justice's court, was upon an account embracing the fees of several witnesses, evidenced by certificates, and all of said fees accrued more than two years before the institution of the suit, the greater portion thereof having accrued in 1886, and this suit was instituted in 1890. Appellant, among other defenses, pleaded the statute of limitation of two years. In justice's court appellee recovered judgment for $127.31. Appellant removed the cause by appeal to the county court, and in that court appellee filed a trial amendment alleging that in the suit of Ballard v. Byrd the said fees had been adjudged against Ballard, and that said judgment was dormant, and sought to avoid the plea of limitation, and recover said fees in this suit, under and by virtue of said judgment. Appellant excepted to the trial amendment because it set up a new cause of action, and her exceptions were overruled; also her plea of limitation and other defenses; and judgment was rendered against her for $135.76 and all costs.

We are of the opinion that the trial amendment sets up a new cause of action, a cause of action essentially different from the one prosecuted in the justice court. In justice's court the recovery was not sought under or by virtue of the judgment rendered in the suit of Ballard v. Byrd, but was sought upon the claims for witness fees alone, independent of said judgment. By the trial amendment the said judgment is sought to be made the cause 'of action, the foundation for the recovery prayed. Evidently the purpose of this new departure was to avoid the plea of the statute of limitations. But, whatever the purpose, the amendment should not have been allowed, as it changed the character of the suit. It is well settled that a cause of action, not sued upon in the justice's court, cannot be brought into the case in the county court. As the case is made in the justice's

court, so must it stand and be tried in the county court. [R. S., art. 1292; 1 Civil Cas. Ct. App., § 95.] Considering the case without the trial amendment, as it should have been considered in the county court, the cause of action was barred by the limitation of two years, and the judgment should have been for the appellant. [Crawford v. Crain, 19 Tex. 145; Flores v. Thorn, 8 Tex. 383.] But, even if it were proper to consider the amendment, the judgment rendered is wrong. It is alleged in the amendment that the judgment in Ballard v. Byrd is dormant, but on the trial no evidence was adduced proving such allegation. A large portion of the witness fees sued for were incurred by the defendant in that suit of Byrd. If the judgment was not dormant, no cause of action for these fees existed, because there was already a judgment for them, and they could be collected by execution. Again it appears that a considerable portion of the fees sued for were incurred in another suit than the one in which said judgment was rendered, to wit, the suit of Ballard v. Byrd and Hendricks. It does not appear that any judgment was rendered in this last-named suit, and clearly, as to the witness fees accrued therein, appellant's plea of the statute of limitation should have prevailed. It was further alleged in the trial amendment that appellee's claim duly authenticated had been presented to appellant as administratrix, and had been by her refused. There is no evidence in the record establishing this allegation, and, unless the claim had been properly presented to her for allowance, appellee was not entitled to sue and recover upon it. [R. S., arts. 2015, 2018; Hollingsworth v. Davis, 62 Tex. 438; Green v. Raymond, 58 Tex. 80; Thompson v. Branch, 35 Tex. 21; R. S., art. 2028.] For the errors mentioned, the judgment is reversed and the cause is remanded.

November 22, 1890.        Reversed and remanded.