## W. A. CARROLL v. J. S. GILBERT.

(No. 3871.)

APPEAL from Navarro County. Opinion by DAVIDSON, J.

FROST & ETHERIDGE, counsel for appellant.

MCCLELLAN & PRINCE, counsel for appellee.

§ 266. *Certiorari; petition for writ of, held sufficient.* This cause of action was instituted by appellant in the justice court to recover a bale of cotton, where appellee recovered judgment therefor. Appellant filed his petition for a writ of *certiorari*, and it was, on motion of appellee, dismissed from the county court. Various errors were assigned to the action of the court in sustaining said motion. We will not discuss the assigned errors in detail. The petition alleged substantially that, upon the trial before the justice of the peace for the recovery of the bale of cotton involved, appellant, who was the plaintiff in that court, proved by testimony alleged to be true, that he had had ginned at the gin-house of one D. D. Burleson, a bale of cotton which was raised by himself on his farm; that he was present, and packed and branded the bale, took possession thereof, and rolled it out to a particular place in the gin yard; and that while said bale was at this place, appellee took charge of and carried away this said bale of cotton without his (appellant's) consent, and that the justice refused to give judgment for him upon the sole ground that, as a question of law, he was not entitled to recover, not for want of sufficient evidence to establish his right to the

cotton, but because the ginner, D. D. Burleson, was the bailee of the cotton, and was therefore alone entitled to the possession thereof, and for that reason only it gave judgment against appellant.   We are of the opinion that the petition for *certiorari* states sufficient grounds for granting same and that the court erred in dismissing it. [Seeligson v. Wilson, 58 Tex. 369; Rollison v. Hope, 18 Tex. 446.]   It may be remarked that the justice of the peace was clearly erroneous in holding that appellant could not maintain his suit, because the bailee, Burleson, was the only party who could maintain the action for the property in controversy, who alone was entitled to its possession.   The owner could alone maintain the suit for the property.   Judgment of dismissal reversed and cause remanded for a trial upon the merits of the case.

December 9, 1891.               Reversed and remanded.