HALL et al. v. COLLIER.    (No. 8730.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 17, 1917. Rehearing Denied Dec. 22, 1917.)

1. JUSTICES OF THE PEACE ☞202(2)—REVIEW —CERTIORARI.
A petition for certiorari to the justice court alleging that the uncontradicted evidence showed plaintiff in replevin was the owner and entitled to the possession of the diamond in question, examined, and *held* to set forth the substance of facts showing that injustice had been done the applicant sufficient to comply with Vernon's Sayles' Ann. Civ. St. 1914, art. 746.

2. REPLEVIN ☞72—SPECIAL FINDINGS—DESCRIPTION OF PROPERTY — SUFFICIENCY OF EVIDENCE.
Evidence in a replevin case as to the identity of a diamond with an imperfection termed once as a "scratch" and again as a "shiver" examined, and *held* sufficient to uphold the finding on special issue that it was plaintiff's diamond.

3. APPEAL AND ERROR ☞1060(2)—TRIAL ☞ 110 — REVIEW — PREJUDICIAL ERROR — CONDUCT OF COUNSEL.
The act of counsel for plaintiff in a replevin case in calling the jury's attention to a flaw in the diamond during the testimony of plaintiff as to its identity, which act would have been proper in argument, was not an admission of the attorney's unsworn testimony, and was not prejudicial error.

4. NEW TRIAL ☞44(1)—MISCONDUCT OF JURORS — INSPECTION OF EVIDENCE DURING TRIAL.
The act of a juror during the introduction of evidence in an action to replevin a diamond in placing a dampened paper over it, and calling the attention of the other jurors to the fact that the presence of the flaw testified to by plaintiff was thereby made more apparent, did not evidence an undue bias authorizing a new trial.

5. JURY ☞42—DISQUALIFICATION OF JURORS —INTELLIGENCE AND EDUCATION—SPECIAL KNOWLEDGE.
An act of a juror in inspecting a diamond, the identity of which was in question, showing him to be possessed of superior knowledge. of the facts helpful in disclosing the truth, cannot be held a disqualification.

Appeal from Tarrant County Court; Charles T. Prewitt, Judge.

Suit by Miss Nan Collier against W. L. Davis, N. C. Hall, the American National Bank, and others. Judgment for plaintiff, and defendants N. C. Hall and the American National Bank appeal. Affirmed.

Bryan, Stone & Wade, of Ft. Worth, for appellants. Simpson & Estes, of Ft. Worth, for appellee.

BUCK, J. Suit was filed by plaintiff, Miss Nan Collier, in the justice court of Tarrant county on April 21, 1914, to recover a diamond ring. She alleged that on December 31, 1912, she was the owner of and in possession of one certain diamond ring of the weight of about one-half carat, which was, at that time, mounted in what is known as a "Tiffany" mounting, but that since said date and subsequent to her loss of the ring, said diamond had been mounted in what is known as a "Belcher" mounting; that the diamond was an imperfect stone, "one of the defects in same being a scratch across the face of said stone; that said diamond has other flaws in same; and that said mounting that said diamond is now mounted in has small notches cut in it at several places, and that there is on the inside face of said mounting a letter or mark in the shape of an 'x,' and that said mounting is also marked or printed '14 carat.'" She further alleged that said ring had been given to her by her father, then deceased, and was of the reasonable value of $125; that on said above alleged date one W. L. Davis was visiting her at her home when plaintiff permitted him to take said ring in his hands in order to examine it; that while the two were examining the ring and other jewelry of plaintiff, she was called to the door by a visitor, and that when she returned Davis handed her, as she thought, all of the jewelry they had been examining, and then went away; that later she discovered that he had not returned to her the ring in question; that thereupon she undertook to find said Davis, and as soon as she did so she demanded the return of said ring, but that he failed and refused to return same to her, but kept it and pawned or mortgaged it to the American National Bank of Ft. Worth. She further alleged that said American National Bank had subsequently sold said ring to N. C. Hall, a jeweler of Ft. Worth, who claimed at the time of suit to be the owner of said ring and diamond; that said Hall had delivered said ring and diamond to one Horace

---

M. Collins "for the purpose of having him see if said ring and diamond could be properly identified as the property of plaintiff, but that at the time said defendant Hall delivered said ring and diamond to defendant Collins, defendant Hall stated that he would not allow said plaintiff, Miss Nan Collier, to have said ring and diamond, unless she would repay him what he had paid out in money to said American National Bank for said ring and diamond."

Davis, the American National Bank, N. C. Hall, and Horace M. Collins were made defendants in the suit. On May 28, 1914, in the justice court, judgment was rendered for the defendants, and N. C. Hall was adjudged to be the rightful owner and entitled to the possession of the ring in question. On July 22, 1914, the judge of the county court of Tarrant county for civil cases granted plaintiff's petition for certiorari to the justice court, and on August 8th thereafter the writ was issued, a bond in the sum of $100 having been given by petitioner and duly approved. On September 5th following the defendants American National Bank and N. C. Hall filed their motion to dismiss the certiorari, which motion was by the court overruled. On March 18, 1916, plaintiff amended her petition, setting forth, in substance, the same allegations as contained in the written petition filed in the justice court and which was later filed in the county court, except that in this amended petition the diamond was described as follows:

"About one-half metric carat in weight, color known as 'cape,' containing an imperfection or flaw which plaintiff alleges upon information to be known as a 'shiver.'"

Two trials were had in the county court, in both of which plaintiff prevailed, and from the last judgment rendered, on, to wit, October 18, 1916, defendants Hall and American National Bank appeal.

[1] Error is assigned to the action of the court in overruling the motion of appellants to dismiss the writ of certiorari, on the ground that the application therefor is not in compliance with the requirements of the statute (Article 746, V. S. Texas Civil Statutes), as construed by the decisions of the courts.

The record does not purport to give the evidence adduced on the trial in the justice court, nor the pleadings of the appellants here, which appear to have been oral. Neither does the motion to dismiss allege what the pleadings were, nor what the evidence constituted, except said motion to dismiss recites that the defendants "pleaded in the justice court, and offered evidence to establish their pleading, upon two theories of defense —one of them being that the plaintiff had given to the defendant W. L. Davis the diamond in controversy, and that he had absolute title thereto; the other being that if she had not given the diamond to W. L. Davis, she had permitted him to exercise ownership over it, and had acted so as to show

200 S.W.—56

acquiescence in his pretended ownership of the diamond, and thereby estopped herself from claiming said diamond as against these defendants."

The application for the writ filed by plaintiff in the county court, after setting forth the names and description of the parties litigant and of the property in controversy, and after reciting the nature and result of the trial in the justice court, and after alleging matters of jurisdiction in said justice court, continues:

"Your petitioner avers that gross injustice was done to her by the final disposition of the said suit in said justice court, and that such injustice was not caused by her own inexcusable neglect; that she contested said case, and did not suffer any judgment by default to be rendered against her, but that said judgment was entered upon the hearing of evidence; that she was prevented by causes beyond her control from prosecuting an appeal within the statutory time; * * * that said justice of the peace erroneously and arbitrarily found against her, although the evidence and law not only warranted, but required, a judgment to be entered in her favor, in that the undisputed and uncontradicted evidence in said case showed that she was at all times the owner of and entitled to the possession and title of said diamond ring, and that the defendant Davis had stolen the same from her, or acquired the same by fraud and false and fraudulent pretenses and means, and that she therefore never parted with the title to said ring or the ownership thereof; and that thereafter without her knowledge or consent the said Davis pawned said ring or pledged the same with the defendant the American National Bank of Ft. Worth, Tex., for a debt which he had incurred at said bank, and the said American National Bank of Ft. Worth never legally acquired the possession of said ring or any claim or lien or title of any kind thereto; and thereafter the said American National Bank of Ft. Worth, Tex., converted the said ring to its own use and benefit, and sold and disposed of the same to N. C. Hall of Ft. Worth, Tex., who acquired the same not as innocent purchaser thereof, but in fraud of the rights of your petitioner and subservient to her title and ownership therein; and thereafter the said Collins by some means or pretext acquired possession of said ring from said Hall, and turned the same over during the course of the trial to said justice of the peace; that neither of the defendants have any shadow or claim of title to said ring, and are not entitled to its possession as a matter of fact or of law, but that said justice of the peace should have adjudged that said diamond ring was the property of this applicant."

The evidence disclosed that the defendant Collins, representing the appellee in company with her, called on N. C. Hall at his jewelry store in Ft. Worth, and was permitted to examine a tray of diamond rings; that Miss Collier picked out one ring and identified it as the one she had lost through the acts of the defendant Davis. Hall permitted Collins to take the ring so identified for the purpose of further investigation as to who was the rightful owner thereof. Upon the trial of the case Collins pleaded that he laid no claim to the ring, and asked to be discharged with his costs. The ring was deposited with the clerk of the county court, and the judgment adjudged to plaintiff the right of recovery of the title and possession of the ring

in question as against all of the defendants. Appellants urge the insufficiency of the petition for the writ of certiorari, in that it is claimed said petition fails to contain the evidence on the trial in the justice court, and does not set forth the pleadings in said court, and consists of mere conclusions of the pleader as to the evidence introduced in the court of origin.

Article 746, V. S. Texas Civil Statutes, provides:

"In order to constitute a sufficient cause, the facts stated must show that either the justice of the peace had not jurisdiction, or that injustice was done to the applicant by the final determination of the suit or proceeding, and that such injustice was not caused by his own inexcusable neglect."

In McBurnett v. Lampkin, 45 Tex. Civ. App. 567, 101 S. W. 864, it is held that certiorari to review a justice court judgment is not granted as a matter of right; the application being addressed to the discretionary powers of the court, and that in considering a motion to dismiss certiorari to review a justice's judgment, the court should look to the petition as well as the transcript to determine the merits of the motion; that mere general statements of a good defense or that injustice has been done is not sufficient, but said petition must state the facts upon which it is expected to recover, should the writ be granted. See, also, Perry v. Lovett, 24 Tex. 359; Clark v. Hutton, 28 Tex. 125; Oldham v. Sparks, 28 Tex. 429; Robinson v. Lakey, 19 Tex. 140. In Gould v. Sanders, 60 Tex. Civ. App. 410, 127 S. W. 899, it is held that in an application for certiorari to a justice court, the petition must either state all the evidence, or show that a material error occurred in the proceedings, or that applicant has not been able to avail himself of a legitimate prosecution or defense by no fault of his own, but one or all of these causes must be set forth with sufficient detail to show a prima facie case entitling petitioner to another rehearing. In Beard v. Miller, 4 Willson, Civ. Cas. Ct. App. § 76, p. 117, 16 S. W. 655, it is held that a petition for certiorari need not set out verbatim the testimony at the trial in the justice court, but merely the substance of all the evidence is sufficient. See, also, Carroll v. Gilbert, 4 Willson, Civ. Cas. Ct. App. § 266, 17 S. W. 1086.

A petition for certiorari must purport to set out all the evidence in substance, adduced in the trial court. G., C. & S. F. Ry. Co. v. Odom, 4 Willson, Civ. Cas. Ct. App. § 106, 16 S. W. 541. In Rollison v. Hope, 18 Tex. 446, cited in Seeligson & Co. v. Wilson, 58 Tex. 369, Justice Wheeler said:

"The affidavit is not in the most approved form. But a substantial compliance with the law is all that is required, and the law does not prescribe the terms of the affidavit, but only that the party applying shall make affidavit in writing setting forth sufficient cause to entitle him to the writ. * * * The practice has been to construe these proceedings liberally, and not to require the same strictness which is required in the proceedings in the ordinary suits in the district court."

In Nelson v. Hart, 23 S. W. 831, 833, it is said:

"While the writ of certiorari may, possibly, not be one of right, as has been held, we are of the opinion, when the affidavit shows a meritorious cause, and that injustice has probably been done which was not caused by his negligence, a substantial compliance with the law is all that is demanded. Rev. St. art. 303. There is no form prescribed for the affidavit, and if an injury is shown to have been perpetrated, the law will be satisfied."

In McKensie v. Pitner, 19 Tex. 135, the Supreme Court said:

"There should be a reasonable degree of certainty [in a petition for certiorari], but not that extreme degree which is described in law as certainty in every particular, and which rebuts every conclusion to the contrary."

In King v. Longcope, 7 Tex. 236, it is said that a certiorari ought to be granted where, from the averments of the petition, if true, it appears that the party has merits, and there is reason to apprehend that injustice may have been done him, without any fault of his. See, also, Hooks v. Lewis, 16 Tex. 551; Connally v. Renn, 17 Tex. 123; Jones v. Nold, 22 Tex. 380. In Bowman v. Weber, 41 S. W. 493, where it was alleged that the petitioner had stated "the substance of all the facts proved on the trial of said cause," and where the petitioner further recited the grounds upon which he claimed a judgment for him should have been rendered in the court below, it was held that the petition showed a meritorious cause of action, and gave reason to apprehend that injustice had been done the petitioner in the court below, and that the motion to quash or dismiss the writ was properly overruled.

We think the allegations contained in the petition in the instant case, to the effect "that the undisputed and uncontradicted evidence in said case showed that she was at all times the owner of and entitled to the possession and title of said diamond ring," etc., should properly be construed, in support of the action of the trial court, as being an allegation to the effect that the recitations in the application as to the evidence in the justice court set forth the substance of all the evidence adduced. If so, we are of the opinion that the petition, on its face, contained recitations as to the state of evidence justifying the judge, to whom it was directed, in concluding that probably justice had been denied the petitioner in the justice court, and that she had been denied a judgment in her favor when the facts authorized and required the judgment to be rendered for her. Hence we overrule appellant's first assignment.

[2] The jury, in response to special issue No. 2, to wit: "Is the diamond introduced in evidence the same diamond described in plaintiff's original petition?" answered, "Yes;" and we are of the opinion that we

cannot disturb the judgment rendered on the ground that the evidence fails to sustain that portion of the jury's verdict. While it is true that in the original petition filed in the justice court, and subsequently filed in the county court, the plaintiff below described the diamond as having "a scratch across the face of the stone," and in the amended petition filed March 18, 1916, she described it as "containing an imperfection or flaw, which plaintiff alleges upon information to be known as a 'shiver,'" yet she positively identified the diamond introduced in evidence as the one which had belonged to her, and in both petitions she described it as being one-half·carat in weight and as having been mounted in Tiffany mounting, but later having been put in a Belcher mounting; and in both descriptions she alleged that it was an imperfect stone. Because the defendant Hall and other witnesses testified that there was no scratch across the face of the diamond, and that with the naked eye they could not see what they termed the "shiver," would not justify this court in reversing the judgment rendered for lack of sufficient testimony to identify the stone offered in evidence with the one alleged to have been stolen from the plaintiff. Miss Collier testified positively to the identification and to her ability to see what she described as a "scratch." This conflict of the testimony the jury decided in favor of the plaintiff, and with that decision we are not disposed to interfere. It is immaterial whether the imperfection was termed a "scratch" or a "shiver." The identity of the diamond in question was the issue.

[3, 4] Complaint is made of the court's permitting plaintiff's counsel to call the jury's attention to the flaw in the diamond in controversy during the introduction of the testimony. It is urged that the plaintiff was the one who had identified the diamond and whose eyesight claimed to have seen the flaw, and the counsel was not the one who had testified as to having seen any flaw therein, and therefore the action of the court in permitting the counsel to call the attention of the jury to what he claimed to be a flaw in the diamond constituted the admission of unsworn testimony upon a material fact. We think during the argument the counsel for plaintiff would have had the right to exhibit the diamond, which had been introduced in evidence, to the jury, and to show the jury, if he could, the presence of the scratch or the shiver, or whatever the imperfection might be termed. While it is true that this course of the counsel should properly have been reserved until the argument, yet we see no prejudicial error by reason of the court's permitting the counsel to call the attention of the jury to the matter during the introduction of the testimony. Nor do we think there is any error shown in the

action of one of the jurors during the introduction of testimony in placing a dampened paper over the diamond, and calling the attention of some of the other jurors to the fact that thereby the presence of the flaw was made apparent, or more apparent than without the wet paper. We do not think that the act of the juror evidences any undue bias, as claimed by the appellants, such as would have entitled the defendants to a new trial. Certainly during the deliberations of the jury, one of the jurors might properly have held the stone between him and a light or near a light and called the attention of the other jurors to what the proximity of the light disclosed. This is not an instance of the introduction of new matter during the deliberations of the jury, which has often been condemned by our courts, but it seems to us is merely an evidence of a proper degree of interest and desire on the part of this juror to get at the real facts in the case.

[5] While the act of the juror may show that he possessed superior knowledge of facts which were helpful in disclosing the truth, yet such cannot be held to be a disqualification.

All assignments are overruled, and the judgment is affirmed.

CONNER, C. J., not sitting, serving on writ of error committee at Austin.