## Hope v. Alley and another, Admr's.

It is not sufficient for a petition for a *certiorari*, to show that the petitioner had a good cause of action or ground of defence; but it must also show that the cause of action or ground of defence was properly presented to the Justice, or a sufficient legal excuse must be shown, for the failure so to present it.

That the cause of action was barred on the day of trial before the Justice, and that an action thereon was then and still is pending in the District Court, are insufficient allegations of defence; they should relate to the date of the commencement of the suit, instead of to the day of trial.

Error from Colorado. The defendants in error recovered judgment against the plaintiff in error, before a Justice of the Peace, for the price of a horse. The defendant in the judgment petitioned the District Court for a *certiorari*, setting forth, as the grounds of his application, that the plaintiffs' demand, on the day of trial before the Justice, was barred by the statute of limitations; that an action thereon was then and still is pending in the District Court; and that the judgment of the Justice was erroneous. The case, having been removed to the District Court, the plaintiffs in the judgment moved to dismiss the *certiorari*, for want of sufficiency in the petition, and for various other causes assigned in the motion. The motion was sustained; and the plaintiff in the *certiorari* brought a writ of error.

*J. H. Robson*, for plaintiff in error.

*G. W. Smith*, for defendants in error.

WHEELER, J. Repeated decisions of this Court have settled, that the petition for a *certiorari* must show some error or illegality, committed by the Justice, to the prejudice of the party complaining; and that it was not in consequence of his neglect or omission to present his case or adduce his evidence before the Justice. It must appear that he had a good cause of action or ground of defence; and that it was properly presented before the Justice; or a sufficient legal excuse must be assigned for the omission. (Ford v. Williams, 6 Tex. R. 311; Clay v. Clay, 7 Id. 250; Pearl v. Puckett, 8 Id. 303.) It does not appear in the present case, that the defendant had any valid defence to urge, or that he contested the plaintiffs' right of action, before the Justice.

It does not appear by the transcript of the proceedings before the Justice, that the plaintiffs' demand was barred by the statute. It was no ground of defence, if true as alleged, that the statutory bar had interposed at the time of the trial before the Justice, or that an action was then pending in another Court, upon the same demand. To have rendered the statute of limitations, or the pendency of another suit for the same cause, availing as a defence, the demand must have been barred, or the former suit pending, not at the time of trial, merely, but at the time of the commencement of the suit before the Justice. This is not averred, and it does not appear, therefore, that the defendant had any legal defence to the action.

But if the petition had stated any valid ground of defence, there is no averment that the defence was presented or attempted to be presented before the Justice; nor is any reason assigned for the omission. And for this reason also, the petition is manifestly insufficient. This opinion will supercede the necessity of considering the various other questions presented

in argument. We are of opinion that the Court did not err in sustaining the motion to dismiss, and that the judgment be affirmed.

Judgment affirmed.