### RUDOLPH CORDES ET UX. V. KAUFFMAN & KLAENER.

In a proceeding by garnishment against a husband and wife, the sickness of the wife, which rendered it impossible for either husband or wife to attend the trial, is a sufficient ground for *certiorari*. (Paschal's Dig., Art. 468, Note 331.)

A garnishment, under the 19th section of "An act regulating attachments," requires the garnishee to answer, upon oath, what he is indebted to the defendant, or what effects of the defendant he has in possession, and had at the time of serving the garnishment, and what credits and effects of the defendant there are in the hands of any other person, to the best of his knowledge and belief. (Paschal's Dig., Art. 157, Note 267.)

A statement that the garnishee is not indebted to the defendant in attachment does not meet the requirements of the act. (Paschal's Dig., Art. 157, Note 267.)

Where the garnishee fails to answer, as required by the 19th section of the act, before final judgment is rendered against the defendant in attachment, it is the duty of the court to render judgment as required by the 20th section. (Paschal's Dig., Arts. 157, 159, Notes 267, 268.)

A petition for a *certiorari* must state a good and complete ground of defense. (Paschal's Dig., Art. 468, Note 337.)

ERROR from Galveston. The case was tried before Hon. E. A. PALMER, one of the district judges.

Rudolph Cordes and A. Cordes, his wife, petitioned for and obtained a *certiorari* against a judgment, rendered on the 1st Saturday in November, 1860, before Francis B. Whiting, a justice of the peace, against Julius Shuck, defendant in attachment, and Cordes and wife, as garnishees, on the alleged ground that the wife was so sick on the day of trial that it was impossible for the husband to attend, and that the petitioners are in nowise, nor were they at the time the writ of garnishment was served upon them, indebted to said Julius Shuck in any sum whatever. This petition was founded on the 67th section of the act to organize justices' courts. (Paschal's Dig., Art. 468, Note 331.)

The justice returned the proceedings of his court, showing the regular processes of attachment and garnishment, service on all the parties, and judgment. (Paschal's Dig., Arts. 142, 157, 159, Notes 259, 267, 268.)

Kauffman & Klaener moved to quash, on the ground of the insufficiency of the petition. The motion was sustained, and the *certiorari* quashed. The case turned upon the correctness of that ruling.

No briefs have been furnished to the *Reporter*.

SMITH, J.—The sickness of Mrs. Cordes, on the day of trial before the justice of the peace, as garnishee, was sufficient excuse for not appearing; but we are of opinion the grounds of defense set up in the petition for *certiorari* are not sufficient to entitle them to the writ of *certiorari*. They aver that they were not indebted to the defendant in the suit. This would not have entitled them to a discharge, if they had appeared before the justice of the peace and thus testified. It is made the duty of the garnishee to testify as to what he may be indebted to the defendant, or what

effects of the defendant he may have in his possession, or had at the time of the service of the garnishment, and what credits and effects there are of the defendant in the hands of any other ·person, and what person, to the best of his knowledge and belief. (O. & W. Dig., Art. 39.) And if he fail to appear and answer, as directed above, before judgment against the defendant, after calling him, the justice of the peace will render judgment against him for such sums as may be rendered against the defendant. (O. & W. Dig., Art. 40.)

From the repeated rulings of this court, we are of opinion that the petition for *certiorari* was not sufficient, and that the court did not err in quashing and dismissing the cause. (11 Tex., 259; 6 Tex., 311; 7 Tex., 250; 15 Tex., 316.)

And the judgment is

AFFIRMED.