Hemphill, Ch. J.
The 67th section of the act to organize Justices’ Courts, (art. 1753, Dig.,) regulating the issue of the writ of certiorari and proceedings thereon, is in force in all of its provisions not conflicting with the decision in tiie case of Titus v. Latimer; and this section inhibits tiie grant of the writ ninety days after the entry of judgment by the magistrate, and unless tiie applicant shall first give bond with two or more sufficient sureties, conditioned as prescribed in tho statute. And tiie applicant is required to make an affidavit in writing, setting forth sufficient cause to entitle him to tiie writ. This is, substantially, a requisition that tiie showing of the petition should be sufficient and be verified by the oath of the applicant. The causes deemed sufficient are stated with some minuteness of detail in O’Brien v. Dunn, decided at Galveston, 1851. It was said that the petition must show on its face the injury or error complained of by tiie petitioner, or that by some accident which the petitioner could not control he liad not made the defense before tiie justice going to tiie merits which he could have made but for the reason assigned, &o.) and if no merits are shown in tiie petition, or it has not been taken out and returned in time, or tiie conditions on which it was granted have not been complied with, the writ should be dismissed.
Tiie petition in this case shows no error in fact or law in tiie proceedings or judgment complained of. Vague general statements of the injustice of (he cause of action or of the validity of the defense present no grounds for judicial interposition.
Tiie facts must be stated which show tiie vice in the canse of action or which constitute his grounds of defense. It must be shown that there was an attempt to make these grounds available on the trial, or tiie reasons why they were not presented must be alleged. None of these matters have been averred, and the motion to dismiss should have been sustained. It is therefore ordered, adjudged, and decreed that the judgment be reversed and the cause dismissed.
Judgment reversed.