Lipscomb, J.
In this case it is alleged that tlie District Court erred in quashing and dismissing the certiorari, and affirming the judgment of the justice of the peace.
In the case of O’Brien v. Dunn (5 Tex. R., 571) tlie course of proceeding in the District Court upon a ease being brought before it by a writ of certiorari from a Justice’s Court was distinctly and clearly defined. If the petition shows no sufficient ground, nothing of which the petitioner could justly complain, it ought, on the motion of the adverse party at the first term, to be dismissed; but if there be a sufficient ground for its issuance apparent on its face it will be retained and set down for trial de novo on its merits.
The petitioner in this case alleges in his petition that he did not owe *218 anything to the plaintiff in the suit against him in the Justice’s Court; that he was prevented from making his appearance and defense before the justice at the time of the trial by severe sickness. Hero is a showing- upon oath of merits and a reasonable excuse for not making- his defense before the justice. This is sufficient ground for overruling- the motion to dismiss and retaining the case for a trial on the merits, disregarding the previous trial at the Justice’s .Court. The court below erred therefore in quashing and dismissing the certiorari, for which error the judgment must be reversed.
There is another error presented that would have made it our duty to reverse the judgment, even if there liad been no sufficient ground shown for the issuance of the certiorari and it had been properly dismissed. The court below, after quashing- and dismissing the certiorari, proceeded to affirm the judgment of the justice of the peace. This it liad no right to do. All that could be done in such case would have been to have awarded a procedendo to the justice of the peace to proceed to have his judgment executed. For the reasons given, the judgment, of the District Court is reversed and the cause remanded, with instructions to try the case anew upon the merits.
Beversed and remanded.