### FRANCIS D. INGE V. JACOB BENSON.

Where the defendant in a Justice's Court was sued on an account for money ac-
knowledged, and, failing to attend, applied for a *certiorari*, alleging that he had
mistook the day of trial, caused as he verily believed by an error in the copy of
the citation, (though he can't state this point with certainty, said copy being de-
stroyed,) and alleged also that he was not at all indebted to the plaintiff, and
that the account sued on had no existence in justice, equity or law, it was held
that the *certiorari* was properly dismissed.

Appeal from Leon.    After the allegation of the petitioner's
belief as to the cause of his mistake, there was a parenthesis as
follows : (though he cannot state this point with certainty, said
copy being lost.)   The petition contained an averment that
the account sued on had no existence in justice, equity or law.

*F. D. Inge*, for self.

*W. A. Leigh*, for appellee.

HEMPHILL, CH. J.   The appellant applied for a writ of *cer-
tiorari* on two grounds, viz : that he mistook the day of trial
before the Justice's Court, and did not attend ; and second,
that he was not indebted to the appellee.   That his misappre-
hension of the day of trial arose, as he verily believes, from a
misstatement of the day in the copy of the warrant served upon
him, from which he was induced to believe that the trial would
be on the succeeding Saturday of July, and not on the first
day of the month.

The warrant, as transcribed by the Magistrate in his return,
requires the defendant to appear on the first Saturday, the first
day of July.   That the copy should have departed so widely

from the original as to require the appearance on the second Saturday of the month, is not probable, and especially as the law does not authorize a Justice's Court to be holden on that day. The Justices of the first class hold their Courts on the first Saturday, and those of the second on the last Saturday of the month; (Hart. Dig. Art. 1750;) but no provision is made for holding Courts on the second Saturday. A misstatement of the character ascribed to the copy of the warrant should have been verified by its production, and in case of loss, by a positive affirmation to that effect. The absence of the appellant from the trial was his misfortune, but it is one which, under the circumstances, does not entitle him to belief.

Nor do the averments of merits have such certainty, specialty and directness as to entitle the applicant to the writ. He avers it is true that the judgment is illegal and unjust, that he was not indebted as claimed in the sum of one hundred dollars, or any part thereof. It has been frequently ruled that vague general statements of this character are insufficient. (Ford v. Williams, 6 Tex. R. 311; 8 Id. 374.)

The demand of the plaintiff being for "cash acknowledged," was very general, and the applicant for the writ would not be required to specify so minutely his grounds of defence. But something more than mere general denials was required. His averments should have shown that he had some tangible, real grounds of defence.

We are of opinion that there was no error in the judgment and that the same be affirmed.

Judgment affirmed.