DAVID PEABODY v. AUGUSTIN BUENTILLO.

A party to a judgment rendered by a Justice of the Peace cannot have a *certiorari* to remove the case into the District Court, on account of any matter of which he might have availed himself before the Justice, but which, without any apparent legal excuse, he neglected to urge.

The allegation that the Justice had no authority to render judgment at the time, appears to be but the opinion or conclusion of the petitioner, without disclosing the facts upon which it was founded. The petition should state facts, in order that the Court may deduce the legal conclusion.

The transcript of the proceedings before the Justice shows that the Court had jurisdiction of the parties and the subject matter ; and the presumption is that the judgment was rendered rightly, upon evidence legal and sufficient, until the contrary appears.

Appeal from Cameron. Tried below before the Hon. A. W. Arrington.

Suit commenced by appellee against appellant, before a Justice of the Peace, on an account of $85, for services in herding and droving in March, April and May, 1853, upon which a credit was allowed of sundries, $34 ; removed by the defendant to the District Court ; and the *certiorari* dismissed on account of insufficiency in the petition therefor.

The petition, after stating the rendition of the judgment against him for $51, by default, by the Justice of the Peace, continued as follows : Your petitioner alleges that in the said judgment, rendered against him in favor of said Augustin Buentillo, there is manifest error and wrong done your petitioner, because all claims and demands which the aforesaid Augustin ever had against your petitioner, were fully settled and discharged on or about the 26th of May, 1853, as will fully appear by the receipt in full signed by said Augustin Buentillo, by the name of Augustin, which receipt is hereunto annexed and made a part of this petition ; said receipt was

written by E. S. Tilghman, who saw the money that was paid, as will be made to appear on the further trial of this cause.

The aforesaid judgment is also illegal and void because the aforesaid Justice of the Peace had no legal right or authority to give a judgment by default at the time he did, as your petioner is advised and believes, and the same was rendered upon insufficient and illegal testimony. Prayer, &c.

The receipt annexed was as follows : Received near Houston, Harris county, Texas, May 26th, 1853, of Mr. David Peabody, twenty-three dollars in full of services to date.

$23.                    Signed,        AUGUSTIN.

The transcript from the docket of the Justice of the Peace was as follows : Augustin Buentillo v. David Peabody. Plea of debt in sum of fifty-one dollars for services as per bill. Summons issued July 5th, 1853, to J. Barthelvio, D. S., to execute ; returnable July 30th, 1853.

Returned executed, by delivering a copy of summons to defendant in person. July 30th, 1853 : Continued by defendant on affidavit. August 27th, 1853 : Continued by agreement. September 24th, 1853 : Regular Term. Came plaintiff and defendant appeared. Defendant moved a rule for costs ; bond filed and approved ; Court adjourned until Monday for the unfinished business on the docket.

September 26th, 1853. Court opened regularly by E. M. Anderson, Sheriff; unfinished cases called up. Plaintiff present and announced himself ready for trial ; defendant David Peabody called three times by the Sheriff ; made default ; Court delayed hearing evidence on part of plaintiff half an hour after the calling; then ordered the Sheriff to call again, which was done. Defendant came not, or his attorney, R. Garland. Witnesses sworn, to-wit: J. Blanford, Nestor Garcia, and plaintiff. It was proved that the defendant had authorized the employment of plaintiff at one dollar per day for twenty-seven days, also proven that defendant had himself raised the pay from the 20th of April to the 18th of May, 1853,

and agreed to pay two dollars per day.  Credits allowed by cash·at one time of twenty-three dollars and sundries at sundry times eleven dollars.

It is therefore adjudged and decreed that Augustin Buentillo recover judgment against David Peabody for the sum of fifty-one dollars with interest and costs of Court.

*S. Powers*, for appellant.  The petition denies that at the time of the rendition of the judgment, the Justice had authority so to do, and that the same was rendered upon insufficient testimony.

The record does not show at what hour the default was taken on Monday.  The defendant insists that the record should show that all legal requisites were complied with.  As it is, the default might have been taken in the morning, whereas by law, (Hart. Dig. Art. 1721,) no default could be taken against the defendant before two o'clock, P. M. of the day of adjournment.

Courts of Justices of the Peace get their civil jurisdiction by Statute, and therefore, in all *ex parte* proceedings, and proceedings by default, the record must show affirmatively, that all legal pre-requisites have been complied with, as no intendment of law can supply an omission in this respect.

The record shows that the plaintiff was sworn in his own behalf, without its appearing that he had no other witness, by whom to prove the same facts touching which he testified himself.  (Hart. Dig. Art. 1726.)  The omission to state this, by the reasoning above, leaves it inferable, that it was not done. For instance, it was not necessary that the Justice should state the names of the witnesses, but his having done so, and mentioned the plaintiff's name among the number, without stating that he had purged himself agreeably to law, to entitle him to testify in his own case, leave it quite certain, that the law in this respect was not complied with.

If the foregoing premises are true, it is submitted then, that the petition was in form and substance sufficient.

The appellant in conclusion begs to state, that the grounds stated in his petition for *certiorari*, have the solemnity of an oath, and therefore, carry with them, presumption of a knowledge of the facts stated, as strong in itself, as the certificate of the Justice touching the matters had before him ; and as to matters not sufficiently appearing in the record, it is contended that the oath of the petitioner should preponderate in sustaining the petition.

*Allen & Hale*, for appellee.

WHEELER, J. The petition is manifestly insufficient, in that it discloses that the defendant failed to make his defence before the Justice, and does not show any excuse for the omission. If he had a defence, it was incumbent on him to present it before the Justice. Having failed to do so, he has no cause to complain of the rendition of judgment against him. For aught that appears, the Justice decided rightly upon the case as presented. He could not have decidedly differently upon the proof, as stated in his record. If the defendant was unavoidably prevented from making his defence, he should have stated the fact. As presented by his petition, the case comes within the repeated and uniform rulings of this Court, to the effect that a party to a judgment rendered by a Justice of the Peace, cannot have a *certiorari* to remove the case into the District Court, on account of any matter of which he might have availed himself before the Justice, but which, without any apparent legal excuse, he neglected to urge. (Halcy v. Villeneuve, 11 Tex. R. 617 ; Hope v. Alley, Id. 259, and cases cited.)

The allegation that the Justice had no authority to render judgment at the time, appears to be but the opinion or conclu-

sion of the petitioner, without disclosing the facts upon which it is founded.    The petition should state facts in order that the Court may deduce the legal conclusion.

The transcript of the proceedings before the Justice shows that the Court had jurisdiction of the parties and the subject matter ; and the presumption is that the judgment was rendered rightly, and upon evidence legal and sufficient, until the contrary appears.    There is no error in the judgment and it is affirmed.

Judgment affirmed.