Norvell v. Garthwaite.

.L. NORVELL AND ANOTHER v. J. C. GARTHWAITE AND ANOTHER.

The citation issued in the District Court (O. & W. Dig., Art. 409,) must state the names of the parties to the suit. If the citation is defective in that regard, and a judgment by default be rendered, without any amendment of the writ, the defendant may avail himself of the invalidity of such service on him, on error, in the Supreme Court.

ERROR from Jasper. Tried below before the Hon. A. W. O. Hicks.

Suit by Garthwaite, Giffen & Co., against Lipscomb Norvell, Jr., and Lipscomb Norvell, Sr., as a firm doing business under the name and style of "L. Norvell, Jr. & Co." The citations to the defendants commanded the sheriff to summon the defendants named respectively in the citations, to appear before the District Court of Jasper county at the time and place appointed by law for the sessions of said court, to answer the complaint of the plaintiffs referred to specifically by name, and "as set forth in the petition." The citations further required the sheriff to serve the defendant named (the one containing, in this connection, the name of the one, and the other that of the other defendant,) "with the

accompanying copy, and also with a copy of this writ." The citations did not otherwise state the suit, or the parties to it.

. The defendants did not appear, and judgment was rendered for want of answer against them, for the sum of three hundred and fifty-five dollars and ninety-two cents.

On error to this court, the plaintiffs in error assign as a ground for reversal, that neither of them had had "legal notice of the pendency of the suit against them in the District Court, the citations against them respectively not containing the names of the parties to the suit, nor describing the petition as exhibited against any person or persons whatever; nor commanding the sheriff to summon both the defendants."

*S. M. Hyde*, for the plaintiffs in error.

*H. M. Kinsey*, for the defendants in error.

. ROBERTS, J.—The citations do not state the names of the parties to the suit. A judgment by default was taken without any amendment of the writs. This defect in the writ has been held by this court to be available to defendant below on error. (Burleson v. Henderson, 4 Tex. R., 49; Frosch v. Schlumpf, 2 Tex. R., 422; O. & W. Dig., Art. 409.)

The judgment must be reversed and cause remanded.

Reversed and remanded.