B. E. HAIL v. J. F. MAGALE.

(No. 1453, Op. Book No. 3, p. —.)

APPEAL from Galveston County. Opinion by WILL-
SON, J.

**§ 852.** *Certiorari is additional to and independent of
an appeal.* The remedy by *certiorari* is independent of
the one by appeal, and additional thereto. It would
often defeat the remedy entirely to require that an appeal
should be resorted to, or good cause shown why it was
not resorted to, before a party would be allowed to avail
himself of the remedy by *certiorari.* In one case [Cotton
v. Gammon, 4 Tex. 83] it was held that the petition for
*certiorari* should show good cause why the applicant did
not appeal. But this case has been overruled by subse-
quent decisions, and is not now regarded as authority.
[Ward v. McRimmond, 12 Tex. 314.]

**§ 853.** *Certiorari; sufficient cause for; statute con-
strued.* Our statute provides that, "In order to consti-
tute a sufficient cause (for *certiorari),* the facts stated
must show either that the justice of the peace had not
jurisdiction, or that injustice was done to the applicant
by the final determination of the suit or proceeding, and
that such injustice was not caused by *his own* inexcus-
able neglect." [R. S. 313.] In this case a valid defense
to the plaintiff's cause of action is fully disclosed in the
petition for *certiorari,* and it is shown that a *bona fide*
effort was made by the petitioner to avail himself of the
defense before the justice of the peace. Inexcusable neg-
ligence on the part of the petitioner, within the meaning
of the law, is not shown by the petition nor the exhibits
accompanying it. Whatever may have been the negli-
gence of his attorney or attorneys, it was not *his own*
negligence. He used ordinary and reasonable diligence
to have the suit defended in the justice's court, and it
was no fault of his that it was not done. We do not
think the negligence of his attorney, if any, could justly

or legally be imputed to him, so as to defeat him of his remedy by *certiorari*. It is well settled that a party cannot have a *certiorari* on account of any matter of which he might have availed himself before the justice, but which without any apparent excuse he neglected to urge. [Ford v. Williams, 6 Tex. 311; O'Brien v. Dunn, 5 Tex. 570; Clay v. Clay, 7 Tex. 250; Perdew v. Steadham, 8 Tex. 277; Pearl v. Puckett, id. 303; Hope v. Alley, 11 Tex. 260; Inge v. Benson, 15 Tex. 316; Haley v. Villeneuve, 11 Tex. 617; Peabody v. Buentillo, 18 Tex. 313.] It is, however, also well settled that when it appears by the allegations of the petition that the petitioner has merits, and there is reason to apprehend that injustice has been done him without any fault of his own, he is entitled to the remedy. [Hooks v. Lewis, 16 Tex. 551; Ahrens v. Giesecke, 9 Tex. 432.]

§ 854. *Amendment; official seal may be affixed by, to jurat, to petition for certiorari; defect can be reached only by special exception.* The petition for *certiorari* was sworn to before the proper officer, but the officer omitted to affix his official seal to the *jurat*. *Held*, if this be a defect sufficient to dismiss the petition, it should have been specifically pointed out in the motion to dismiss, which was not done. If it had been so pointed out it might have been amended by fixing the impress of the official seal of the officer to the *jurat*. But the objection made was, that the petition was not sworn to, not that there was an omission to properly authenticate the oath. This objection was not calculated to call the attention of the appellant to the omission of the seal, but to mislead him from a discovery of that defect.

§ 855. *Bond for certiorari; misdescription of judgment in.* The bond for *certiorari* in this case recites correctly the names of the parties to the suit, the number of the suit, the court in which the judgment was rendered, the date of its rendition, and, with perhaps a very slight inaccuracy, the amount of the judgment. There is sufficient in the bond to identify the judgment beyond any

mistake; and a small discrepancy in the amount of the judgment as actually rendered, and as recited in the bond, would not vitiate the bond, where, as in this case, the judgment is otherwise fully and correctly described. In the court below the petition for *certiorari* was dismissed on motion of appellee.

February 14, 1883.    Reversed and remanded.