## A. O. SPINKS V. M. D. MATHEWS.

### No. 2994.

**1. Certiorari to Justice Court—Plea to Jurisdiction.**—A petition for *certiorari* to a Justice Court issued by the District Court was dismissed. The order of dismissal is approved because the petition was defective:

1. It did not show that the plea to the jurisdiction of the Justice Court made upon the ground of the defendant's residence in another county, etc., had been urged in the Justice Court, or that any testimony was produced to sustain it.

2.   The plea was verified only by affidavit of an agent that it was true according to affiant's information and belief.

2.   Same — Practice. — In *certiorari* cases the record of the justice when sent up will be looked to in connection with the petition.   In this case averments in the petition were modified by the record of the Justice Court.

APPEAL from Polk.   Tried below before Hon. L. B. Hightower.
The opinion gives a statement.

*Mantooth & Townsend,* for appellant, cited Rev. Stats., arts. 5, 302, 303; McAlpin v. Finch, 18 Texas, 831; Seligson v. Wilson, 58 Texas, 369; Rollison v. Hope, 18 Texas, 446; 2 Ct. App. C. C., sec. 180.

*Crosson & Holshousen,* for appellee, cited Stark v. Whitman, 58 Texas, 376; Carothers v. McIlhenny, 63 Texas, 147; Crawford v. Carothers, 66 Texas, 200; Lindheim v. Davis, 2 Ct. App. C. C., sec. 208; Turman v. Robertson & Henderson, 3 Ct. App. C. C., sec. 216; Rev. Stats., art. 302; Graham v. McCarty & Brown, 69 Texas, 323; Wilson v. Adams, 15 Texas, 323; Owens v. Levy, 1 Ct. App. C. C., sec. 408; Seligson v. Wilson, 58 Texas, 370; Darby v. Davidson, 27 Texas, 432; Jones v. Nold, 22 Texas, 379.

HOBBY, PRESIDING JUDGE.—This is an appeal from the judgment of the District Court of Polk County overruling appellant's motion on June 20, 1890, to reinstate his petition for *certiorari* which had been previously dismissed by said court on June 18, 1889.

It appears from the record that appellant A. O. Spinks had been sued by the appellee Mrs. M. D. Matthews in Precinct No. 6 of the Justice Court of said county upon an open account for $110.25, and a judgment was recovered by her for that sum; and her attachment lien on some railway ties was foreclosed against appellant.   On January 17, 1890, he applied for a *certiorari* to said Justice Court; which was granted by the district judge.   The petition was, at the June Term of the District Court of Polk County, as stated, dismissed upon motion of appellee, and appellant's motion to reinstate being overruled, he appealed.

The assignments are in substance that "the court erred in dismissing the *certiorari;* because the petition therefor stated sufficient cause for said suit."

The petition alleged in substance that the appellee recovered the judgment referred to against appellant; that he resided in Cherokee County at the date of its rendition, and desired to appeal therefrom to the District Court of Polk County, and filed a good and sufficient appeal bond within the time prescribed by law, which the justice, for some reason unknown to appellant, failed or refused to approve; that he resided forty-seven miles from said Justice Court and could not procure another

bond and file the same within ten days from the rendition of judgment. It was also alleged that the Justice Court had no jurisdiction over appellant's person, because at the commencement of, before, and since the suit he resided in Cherokee and not in Polk County, nor had he contracted in writing or otherwise to perform the obligation in Polk County sued on; which plea to the jurisdiction, it is alleged, was overruled.

It is alleged that the applicant has a meritorious defense. The petition is sworn to by W. A. Spinks, as agent for appellant A. O. Spinks, "who," as the officer's certificate sets forth, "after being by me duly sworn, says upon his oath that the allegations and statements contained in the above and foregoing petition or affidavit are true and correct to the best of his knowledge and belief."

The petition for the writ of *certiorari* was properly dismissed. So, too, was the motion to reinstate the same correctly overruled. The petition was clearly defective in a number of the requirements which repeated decisions have held to be necessary. The petition alleged that the plea to the jurisdiction was overruled. But upon reference to the transcript of the justice of the peace contained in the record we do not find that any action was taken with reference to this plea. It does not appear from the averments in the petition that this plea had been urged as a defense, or that any attempt was made to establish it by evidence. That this was essential to authorize the granting of the *certiorari* is well settled. Pearl v. Puckett, 8 Texas, 303. Again, if the plea had been good the affidavit to it was not such as the law requires. In support of pleas of this character it is held that the affidavit should show substantially that the party making it has knowledge himself of the facts. It is signed by an agent, and the general statement under oath that "the allegation are true and correct, to the best of his knowledge and belief," is too general to constitute a substantial compliance with the law. Graham v. McCarty & Brown, 69 Texas, 323.

There are other defects in the petition, but these are sufficient to show that the court properly dismissed the petition.

We think that there is no error in the judgment, and that it ought to be affirmed.

*Affirmed.*

Adopted March 24, 1891.