CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY
v. ANTHONY YOST.

FILED MARCH 20, 1901. No. 11,400.

1. Contributory Negligence: DUTY OF PERSON CROSSING RAILWAY TRACK. It is the duty of one who is about to step upon a railroad track to look in each direction to ascertain whether a train is coming, and if his failure so to do results in his injury, he can not recover therefor.

2. Res Adjudicata. Questions decided on a former review become the law of the case.

3. Reversal of Cause: DISCRETION OF APPELLATE COURT. On reversing a cause, it is within the discretion of the appellate court to either render such judgment as should have been rendered by the lower court, or to remand the cause for a new trial, or with instructions to enter judgment without a second trial.

ERROR from the district court for York county. Tried below before GOOD, J. Reversed.

J. W. Deweese, Frank E. Bishop and F. C. Power, for plaintiff in error:

This case has been before this court before (56 Nebr., 439), and the judgment was reversed for the reason that

the testimony of the defendant in error showed contributory negligence on his part. Upon the trial, resulting in the verdict which we now seek to reverse, the judgment rests on substantially the same evidence.

*Merton Meeker, George B. France* and *Bates & Kirkpatrick, contra:*

Upon the former hearing this case was not reversed because the plaintiff's own evidence showed that he was guilty of contributory negligence, but because of the uncontradicted testimony that the accident happened in the daytime when the weather was clear and the wind was blowing from the south, and whatever dust was made by the passing train was blown to the north side of the track, while Yost was on the south side and by reason of the conditions had an unobstructed view for 700 feet in the direction from which the train was coming.

It is true as a principle of law that if the evidence on the second trial is the same as on the first, and this is made to appear, then the decision should be the same. But this can not appear from the record, unless the bill of exceptions on the former trial is introduced in evidence on the second. *Missouri P. R. Co. v. Fox*, 60 Nebr., 531.

NORVAL, C. J.

This cause was before us at a prior term, and an opinion reversing the judgment and remanding the cause is reported in 56 Nebr., 439. On the second trial plaintiff again recovered judgment, which is before us for review. The former judgment was reversed for the reason that the evidence of plaintiff conclusively showed that he was guilty of contributory negligence, which was the proximate cause of the injury. On the second trial the evidence was more definite and explicit regarding several matters discussed in the former opinion. For instance, there is now a conflict of evidence as to whether at the

time of the accident the wind was blowing from a north-erly or a southerly direction. On the first trial the evidence was not conflicting, but was to the effect that it was from the south. This was discussed at some length by the commissioner who wrote the opinion as bearing upon the question of whether it was possible for the plaintiff to have seen the approaching engine which caused his injury in time to have avoided it. The evidence on the last trial was also more explicit regarding his actions from the time immediately after the gravel train passed him to the instant of time at which he received his injuries. It is now quite clear that at the moment the gravel train passed him he was standing at the bottom of the fill, which at this point is about six feet high, and was distant some twelve feet from the track. He testifies that immediately after the gravel train passed him, going to the west, he looked toward the east, but saw nothing approaching him from that direction. At that instant he started to ascend the fill for the purpose of returning to his work upon the track at the top of the fill. From the time he started to return to his work he did not again look east, and was struck by the switch engine, which came from that direction. The engine struck him immediately after he reached the track. He had approached the track from the south. He says that as he ascended the inclined plane which made the side of the fill he did not look to the east, but, to use his own language, was "looking where I was stepping going up to my work," and did not look to the east after he reached the top of the fill. There is also disclosed by the evidence the fact that immediately east of the point where he was injured there was a "wing fence," which crossed the right of way on the south side of the track and extended to the south end of the ties, where there is a cattle guard usual at railroad crossings. This fence was about six feet high and consisted of fencing boards nailed upon posts, the intervening cracks between the boards being about six inches wide. About five feet be-

fore this fence reached the track its top slanted down to
the end of the ties, or edge of the cattle guard.  He tes-
tifies that this fence, with the accompanying smoke and
dust of the train which had just passed, and the em-
bankment and curve of the track, prevented him from
seeing the approaching engine, when he looked while
standing at the bottom of the fill.  It is clear, however,
that, after he reached the top of the fill and before he
went upon the track, his head was above the level of the
fence, which at that point slopes down, as .before ex-
plained; also, that, unless the dust and smoke interfered,
he had an unobstructed view of the track to the east
from 100 to 575 feet.  There is nothing in the evidence
that would justify any reasonable man in believing that
the dust and smoke could possibly have prevented him
from seeing an approaching engine over the whole of
that distance had he looked to the east after he climbed
the grade and reached the level of the track.  He did not,
therefore, on the second trial place himself in any better
position than on the first.  Regarding the latter, this
court held that, while he testified that he looked to the
east before he went upon the track and saw nothing, the
evidence and surrounding circumstances were conclusive
that if he did look, he failed to use his sense of sight.
On the second trial he merely shows that at the time he
looked it was impossible, owing to the existence of the
wing fence, the dust and smoke of the passing train and
the contour of the ground immediately east of him, for
him to see the approaching engine.  But the evidence is
clear that, had he looked to the east after he ascended
the embankment, he would have encountered no obstacle
to his vision, short of the curve 100 to 575 feet distant,
which could possibly have prevented him from seeing the
engine which injured him.  This evidence then, obviously,
strengthens the former opinion of this court, for it dis-
closes the reason why plaintiff did not see the approach-
ing engine when he looked.  It shows conclusively that
he had ample opportunity to see it, had he exercised or-

dinary care in looking, when his eyesight would have availed him to see his danger in time to avoid it. The former opinion being the law of the case (*Mead v. Tzschuck*, 57 Nebr., 615; *Wittenberg v. Mollyneaux*, 59 Nebr., 203; *Hayden v. Frederickson*, 59 Nebr., 141; *Richardson Drug Co. v. Teasdall*, 59 Nebr., 150), it is necessary to again reverse the judgment and remand the cause for further proceedings.

Counsel insist that it is the duty of the court to render judgment for defendant under section 594 of the Code of Civil Procedure, where it is permitted to this court, on reversal of a cause, in its discretion to proceed to render such judgment as the court below should have entered, or to remand it for such judgment. As this is a cause for the particular cognizance of a jury, and as we are unable to foresee what further evidence may be adduced on another trial, we are inclined to the belief that the ends of justice will be more surely accomplished by awarding a new trial. *Porter v. Sherman County Banking Co.*, 40 Nebr., 274. The judgment is, therefore, reversed and the cause remanded.

REVERSED AND REMANDED.