## C. W. McBurnett v. Seeley Lampkin.

### Decided March 20, 1907.

**1.—Certiorari—Pleading.**

In a petition for certiorari it is not sufficient to state generally that injustice was done the petitioner; he must show the facts on which he expects to recover or defeat his adversary; he must also state the evidence in the Justice's Court or so much thereof as to show that vital error was committed; and he is not excused from making such showing by his excusable absence from the trial, when he was represented therein by counsel employed by him for that purpose.

**2.—Same—Amendment—Appeal.**

The petition for certiorari not being amendable, and being found on cross-assignment upon petitioner's appeal to be insufficient, the Appellate Court will remand to the County Court with direction to dismiss the certiorari, without considering the errors assigned by appellant.

**3.—Offset—Liquidated Damages.**

Damages of substantially the same nature as those claimed by plaintiff, and arising out of the same transaction, may be recovered in reconvention, though unliquidated.

Appeal from the County Court of Milam County. Tried below before Hon. R. B. Pool.

*Wallace & Camp,* for appellant.—An unliquidated demand growing out of an alleged breach of contract, can not be set off against a cause of action founded in tort. Rev. Stats., art. 754; Taylor v. Bewley, 93 Texas, 524.

Negligence of applicant's attorneys is not attributable to him. The neglect must be "his own." Hail v. Magale, 1 Texas C. C. (White & W.), 853.

The Appellate Courts will not set aside the action of the court awarding the writ except in clear cases of abuse of discretion; and strictness of pleading will not be required. Connally v. Renn, 17 Texas, 124.

*Moore & Moore,* for appellee.—The court erred in overruling defendant's motion to dismiss the certiorari proceedings. Rev. Stats., art. 345; Gulf, C. & S. F. Ry. Co. v. Coleman, 2 Texas Civ. App., 548; Inga v. Benson, 15 Texas, 315; 3 Am. & Eng. Enc. of Law. 320-324, 346.

Appellee's cause of action set up in his plea of reconvention arose out of the very contract and the very transaction upon which appellant's alleged cause of action is predicated. Rev. Stats., art. 755; Jones v. Hunt, 74 Texas, 657; Goodhue v. Meyers, 58 Texas, 405; Rodman v. Harris, 20 Texas, 33; Sanders v. Bridges, 67 Texas, 94.

FISHER, Chief Justice.—This suit was brought by the appellant McBurnett in the Justice's Court against Lampkin for $115.30. Lampkin answered in the Justice's Court and by plea in reconvention asserted a claim against the appellant for $186, upon which claim he recovered judgment. The case was carried to the County Court on petition for

certiorari, and there a judgment was also rendered in appellee's favor for $186. The appellee made a motion in the County Court to dismiss the certiorari, which motion was overruled. The appellee in his brief has a cross-assignment of error complaining of the action of the trial court in overruling his motion to dismiss the application and petition for certiorari, which question we will first consider, because if this contention is maintained it will dispose of the case.

It appears from the record that the appellant filed a suit in the Justice's Court against the appellee Lampkin for the sum of $115.30, the alleged value of certain hogs and cattle shipped by plaintiff from Milano to Galveston under the care and control of Lampkin; that the latter accepted the stock for shipment, and agreed to account to the plaintiff for the proceeds of the sale of the same; that the stock was sold and the proceeds received by defendant, which he has failed and refused to pay to the plaintiff. Lampkin, the appellee, was duly served with a copy of citation from the Justice's Court stating the plaintiff's cause of action substantially as stated. At the February term of that court he filed an answer embracing a general demurrer and a general denial, and specially pleaded in reconvention that on the 25th day of February, 1905, the plaintiff and one Sam Phillips were engaged as partners in buying and selling cattle and hogs, and that on said date that firm contracted with the defendant for certain cattle and hogs to be delivered at the railroad stock pens in Cameron, Texas, which answer states the number and head of hogs and cattle to be delivered, and that the said firm was to pay the defendant for the same the sum of $2\frac{1}{2}$ cents per pound for cattle, $2\frac{3}{4}$ cents per pound for calves, and $2\frac{1}{2}$ cents per pound for hogs; that the whole aggregated in value the sum of $727; that the defendant delivered the said stock as agreed, but that the firm failed to pay for the same; that at that time the said firm had in Cameron, ready for shipment to market, the hogs and stock named and described in the citation issued upon the plaintiff's cause of action, and the said firm agreed with the defendant to turn over the same to him to be shipped to market in his name, along with the stock defendant had delivered as aforesaid, and that the defendant could sell all of said stock on the market at Galveston and out of the proceeds thereof, pay himself for the stock which he had sold to said firm at Cameron, and that in pursuance of this agreement the defendant shipped the stock, and the same brought in the market at Galveston the sum of $617.90, out of which freight charges $38.50, broker's commission of $30.85, yardage of $4.50 and fees $3.05 were paid, leaving a net sum for said stock of $541, or $186 less than enough to pay defendant, and plaintiff is due and owing defendant said sum of $186, for which he now reconvenes and sues in this action, and for which he asks judgment.

The justice's record also shows that the case was styled and docketed in that court as C. W. McBurnett, plaintiff, v. Seeley Lampkin, defendant, and that Wallace & Camp were plaintiff's attorneys and Moore & Moore defendant's attorneys, and the suit is stated on the docket as one upon account for $115.30. Plaintiff in the Justice's Court stated in his pleading that he adopts the pleading as set forth in substance in the citation; and also, in addition, that the defendant

had promised to pay him $15.30, and that he sues for the same. His pleading also shows that he demurs to defendant's answer setting up the plea in reconvention, and he denies all and singular the statements contained in that plea.

It appears from the recitals contained in the judgment of the Justice's Court, as stated in the record, that the case was called in its regular order for trial, and that the plaintiff McBurnett appeared by his attorneys, and the defendant Lampkin appeared in person and by his attorneys, and both plaintiff and defendant announced ready for trial; that no jury having been demanded, the matters of fact and of law were submitted to the court and the court, after hearing the evidence and the argument of counsel, determined that the plaintiff has shown no cause of action and that the defendant should go hence without day with his costs; and that it appeared to the court that the defendant's plea in reconvention for $186 was fully proven, and that he ought to recover, it is therefore considered, ordered, adjudged and decreed by the court that the plaintiff McBurnett take nothing by his suit, and that the defendant Lampkin recover of and from the plaintiff upon his plea in reconvention the sum of $186 and all costs, for which let execution issue.

The petition for certiorari which was granted by the trial court substantially states the record of the Justice's Court as above stated; and further, in substance, declares that the claim asserted by the plaintiff in the Justice's Court is a just and legal claim and debt against Lampkin, and that Lampkin admitted that he owed the debt and promised to pay the same; that the petitioner could not prevail upon him to pay and turned the debt over to his attorneys, Wallace & Camp, for collection; that since the judgment of the. Justice's Court he had been informed and now charges the fact to be that on his claim his attorneys, Wallace & Camp, filed suit in the Justice's Court; that on the date of trial of said cause in that court the defendant, Lampkin, filed what purported to be a cross-action and plea in reconvention, asking judgment for $186, alleging, in substance, that he had made the contract as we have previously described in stating what is contained in the record from the Justice's Court; that great injustice was done the petitioner in the final determination of the case in the Justice's Court, in that the petitioner avers that he did not owe the defendant Lampkin any of the amount sued for in his plea in reconvention; that Lampkin is indebted to petitioner in the sum of $115, and was so indebted to him in that amount at the time of the suit; that petitioner did not know that any suit had been filed on his claim and did not know that the case had been tried at the date it was disposed of, and did not know that any cross-action or plea in reconvention was filed by Lampkin, as pleaded by him and that he did not obtain any information that suit had been filed and that judgment had been rendered against him for more than ten days after the rendition of the judgment; that he had no opportunity to show the justness of his demand or to show the falsity of the defendant's plea in reconvention, and the application has this peculiar averment: "That if there had been any negligence in the premises, it was done wholly by his said attorneys, Wallace & Camp, without notice or consent of your peti-

tioner." The petition then proceeds with allegations to the effect that the cross-action of Lampkin was unfounded; that there never existed a partnership between petitioner and Phillips; that he did not make the contract alleged in the plea in reconvention, which facts he would have been in position to show if he had been present at the trial; and further that the cross-action alleged by the defendant could not be urged in opposition to the plaintiff's demand on the ground that the counter-claim asserted is for an unliquidated amount.

As to this last contention it is sufficient to say that, in our opinion, both actions are substantially of the same nature; and, furthermore, the plea in reconvention connects the defendant's claim with that asserted by the plaintiff, or, in other words, growing out of the same.

This is, substantially, all of the material facts that are stated in the petition for certiorari. The petition does not undertake to state what was the evidence or what facts were established on the trial of the case in the Justice's Court. If the plaintiff in that court had not answered the plea in reconvention and been represented by attorneys as to his own claim, as well as that asserted against him, he might, on account of his absence, have been excused from undertaking to state what was the evidence introduced in the Justice's Court or the facts established in that court upon which its judgment was based; but it affirmatively appears from the record of the Justice's Court, as well as the statement contained in plaintiff's petition for certiorari, that he had attorneys in that court of his own selection who brought the suit originally in his behalf and filed an answer to the plea in reconvention. He does not dispute and deny the fact that his attorneys were present at the trial. Therefore we see no reason why he should be relieved from the operation of the rule that prevails in cases of this character requiring the application to state the evidence or facts that was heard and established in the trial court. He does not deny the power and authority of his attorneys to bring the suit in his favor against the appellee, or their authority to file an answer as to the plea in reconvention asserted by the defendant. The plaintiff states that he had no notice that the suit was filed by his attorneys in his behalf, nor did he know of the fact that the defendant had asserted a counterclaim against him in his plea in reconvention. The application does not contain any allegation of fraud upon the part of his attorneys, nor is there any specific allegation charging them with negligence in trying and disposing of the case in the absence of the plaintiff, or that they were lacking in authority to file the suit in his behalf, or that they were wanting in power to file an answer to the plea in reconvention. The petition does contain the statement that if there was any negligence in the premises it was by his attorneys, without his knowledge or consent. This can not to be construed to be an averment that the attorneys were guilty of negligence, but it is merely a conclusion to the effect that if there was any negligence, the plaintiff was not responsible for it.

Under the facts as stated, the authority of the attorneys for plaintiff to do what was done will be presumed; and, in the absence of some averment of fraud or negligence upon their part as to what was done by them in the absence of the plaintiff, the latter has no ground of complaint. The following principles of law, as applied to the facts

as stated, show that the appellant was not entitled to the writ of certiorari:

1. Certiorari is not granted as a matter of right, and the application is addressed to the discretionary powers of the court. (Clark v. Hutton, 28 Texas, 125.)

2. In considering the motion to dismiss the certiorari the County or District Court should look to the petition, as well as the transcript from the Justice's Court, in order to determine the merits of the motion. (Seeligson v. Wilson, 58 Texas, 369; Nelson v. Hart, 23 S. W. Rep., 832.)

3. Certiorari will not lie in order to permit a party to avail himself of a defense which he could have urged in the Justice's Court, and which he neglected to do. (White v. Casey, 25 Texas, 555; Peabody v. Buentillo, 18 Texas, 313; Clark v. Hutton, supra; Von Koehring v. Schneider, 24 Texas Civ. App., 469, s. c., 60 S. W. Rep., 277.)

4. In the petition for the writ mere general statements of a good defense or that injustice has been done, is not sufficient, but it must state the facts upon which it is expected to recover or to defeat the plaintiff's case. (Robinson v. Lakey, 19 Texas, 140; Clark v. Hutton, supra.

5. The petition must state all of the evidence or the facts that were established in the Justice's Court, or so much thereof as is sufficient to show that a vital error was committed. Johnson v. Lane, 12 Texas, 179; Perry v. Lovett, 24 Texas, 359; Oldham v. Sparks, 28 Texas, 429; Clark v. Hutton, supra; Nelson v. Hart, supra; Koehring v. Schneider, supra.) And in connection with an application of this rule, it is proper to state that while it is true that the petition does, in general terms, state that injustice was done the plaintiff, and that he had a meritorious cause of action, and that there was no merit in the defendant's plea in reconvention, it omits to state the evidence or the facts that was considered by the Justice's Court in reaching the conclusion that resulted in a judgment for the defendant and against the plaintiff. The necessity for stating the evidence or the facts in the petition for the writ is to enable the court to determine whether or not the applicant is entitled to the relief, and whether the Justice's Court had before it evidence sufficient to establish the fact that the judgment was correctly rendered.

Now it may be true in this case that if the petition had stated the facts and evidence before the Justice's Court, the writ of certiorari may not have been granted. From the evidence there introduced it may have clearly appeared that the plaintiff's demand was without merit, and that the defendant's cause of action was a just and meritorious claim against the plaintiff. As before said, the absence of the plaintiff from the trial would not in this instance excuse him from undertaking to set out the evidence or the facts established in the Justice's Court, for he had there attorneys who were present and representing him upon the trial, and knowledge of the facts could have been as readily obtained as if he had been present in person.

Entertaining as we do the opinion expressed as to the merits of the motion to dismiss, there is nothing justifying us to reverse and remand, but we should dispose of the case under instructions to the

County Court, for it is held in Gunter v. Jarvis, 25 Texas, 583, that a petition for certiorari can not be amended, but must be tested upon the allegations as existing when originally presented to the judge.

The judgment of the court below is reversed with instructions to the County Court to dismiss the petition for certiorari. The costs of this appeal, as well as of the court below, are adjudged against the appellant.

*Reversed with instruction to dismiss certiorari.*