HUGHES v. UNDERWOOD TYPEWRITER CO. (No. 8365.)

(Court of Civil Appeals of Texas. Ft. Worth. April 22, 1916.)

JUSTICES OF THE PEACE ☞202(2)—REVIEW—CERTIORARI — PROCEEDINGS TO PROCURE — AFFIDAVIT.

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 742, 745, providing that certiorari shall not issue to a justice court, unless the applicant, "or some person for him having knowledge of the facts," shall make affidavit setting forth sufficient cause, a petition for certiorari purporting to be that of the applicant's next friend, signed by a third party, together with a verification thereof by the third party stating only that he "believed the facts set forth above to be true and correct," was insufficient.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 781–788; Dec. Dig. ☞202(2).]

Appeal from Wichita County Court; Harvey Harris, Judge.

Action by the Underwood Typewriter Company against J. R. Hughes. From a judgment of the county court refusing application of defendant by next friend for certiorari to review judgment for plaintiff in justice court, defendant appeals. Affirmed.

W. F. Weeks and Harry C. Weeks, both of Wichita Falls, for appellant. Bonner & Bonner and Joseph R. Ogle, all of Wichita Falls, for appellee.

CONNER, C. J. On February 10, 1915, appellant, D. A. Smith, as next friend of an alleged minor, J. R. Hughes, applied to the county judge of Wichita county for a writ of certiorari to bring up for review a certain cause in the justice court of precinct No. 1 of that county, in which judgment had been rendered in favor of the Underwood Typewriter Company against the said Hughes for the sum of $161.91. The application was granted, but on April 6, 1915, upon motion of the Underwood Typewriter Company the certiorari was dismissed and a writ of procedendo ordered. From such judgment of dismissal this appeal has been prosecuted.

The principal grounds set up in the petition for certiorari were that said Hughes was a minor and as such was entitled to disaffirm the promissory note upon which the suit in the justice court was predicated. It was further alleged that the judgment, without notice to or the consent of the defendant, had been rendered on a day other than had theretofore been agreed upon as a day for the trial. In the motion to dismiss the writ of certiorari the Underwood Typewriter Company set up some 11 grounds in support of the motion, including an objection that the petition for certiorari had not been properly verified. It will not, we think, be necessary to notice further than we have done the application for the writ, inasmuch as it seems very clear that the application was not supported by a sufficient affidavit, and hence that the judgment of the county court in dismissing the application was correct on this ground.

The petition for certiorari purported to be that of D. A. Smith, as next friend of J. R. Hughes, alleged to be a minor, and was signed "W. F. Weeks," to which signature was subjoined the following verification:

"I, W. F. Weeks, being duly sworn, on my oath, state that I believe the facts set forth above to be true and correct.

"Witness my hand this 10th day of February, 1915. W. F. Weeks.

"Sworn to and subscribed before me, by W. F. Weeks, this 10th day of February, 1915. A. F. Kerr, Dist. Clerk in and for Wichita County, Texas. [Seal.]"

Article 742, title 21, of Vernon's Sayles' Texas Civil Statutes, provides that:

"After final judgment in a court of a justice of the peace, in any cause, except in cases of forcible entry and detainer, the cause may be removed to the county court by writ of certiorari."

But it is particularly specified in article 745 following that:

"The writ shall not be granted unless the party applying for the same, or some person for him having knowledge of the facts, shall make affidavit in writing, setting forth sufficient cause to entitle him thereto."

It is evident that the affidavit above set forth is not in compliance with the statute and is wholly insufficient. The party filing the petition for certiorari and making the affidavit fails to show his relation to the case, nor does it appear that he has knowledge of the facts embodied in the petition for certiorari. It has been held that when an affidavit is made in the course of a judicial proceeding by one person in behalf of another, his authority should be made to appear from the record. Cherryhomes v. Carter, 66 Tex. 166, 18 S. W. 443. In this respect the affidavit under consideration is wholly wanting. Moreover, in the verification no fact alleged in the petition for writ of certiorari is stated to be true within the knowledge of the affiant. It may have been true that W. F. Weeks, who made the affidavit, "believed" that the facts alleged in the petition were true, and yet such facts may have been wholly unfounded. The case of Spinks v. Mathews, 80 Tex. 373, 15 S. W. 1101, is one in which the petition for certiorari was signed by an agent and followed by the general statement under oath that "the allegations are true and correct, to the best of his knowledge and belief." On appeal from an order dismissing the petition, our Supreme Court held that the affidavit quoted was too general to constitute a substantial compliance with the law, citing the case of Graham v. McCarty, 69 Tex. 323, 7 S. W. 342, to the effect that an affidavit "to the best of affiant's knowledge and belief" is fatally defective. In 1 Ruling Case Law, page 770, par. 15, it is stated:

"An affidavit should always be made by one having actual knowledge of the facts, if possi-

ble, and its allegations should be full, certain, and exact, for to be used as evidence an affidavit must state facts positively and not merely upon information and belief; a bare statement of one's belief being absolutely immaterial unless the case is one where an affidavit as to belief only is required"

—the author citing Dyer v. Flint, 21 Ill. 80, 74 Am. Dec. 73; Leigh v. Green, by the Supreme Court of Nebraska, 64 Neb. 533, 90 N. W. 255, 101 Am. St. Rep. 592.

We conclude that the county court properly dismissed the writ of certiorari herein, and the judgment is accordingly affirmed.

---

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.