CHICAGO, R. I. & G. RY. CO. v. BOYCE.
(No. 1384.)

(Court of Civil Appeals of Texas. Amarillo.
Oct. 16, 1918.)

1. JUSTICES OF THE PEACE ⬥202(2)—CERTIORARI—AFFIDAVIT OF PETITION.

An affidavit or jurat to a petition for certiorari to the justice court by one not shown by petition, jurat, or record to be petitioner's attorney, or to have knowledge of facts alleged in petition, is insufficient, under Rev. St. 1911, art. 745.

2. JUSTICES OF THE PEACE ⬥199—CERTIORARI—RIGHT OF REVIEW.

An application for certiorari to review a justice court judgment is addressed to the court's discretion, and not to be granted as a matter of right.

3. JUSTICES OF THE PEACE ⬥202(2)—CERTIORARI—PETITION—SUFFICIENCY.

A petition for certiorari to the justice court should state sufficient facts to show that another trial would probably result in a different judgment, so that mere general averments of no liability are insufficient.

4. JUSTICES OF THE PEACE ⬥202(2)—CERTIORARI — PETITION — SUFFICIENCY—DEFAULT JUDGMENT.

A petition for certiorari to review a justice court default judgment showing an alleged excuse for absence from the trial, but setting up no sufficient excuse for failure to appear or answer, is insufficient.

Appeal from Dallam County Court; Lawrence Ashby, Judge.

Action by J. H. Boyce against the Chicago, Rock Island & Gulf Railway Company and another. From a judgment of the county court, dismissing its petition for certiorari to the justice of the peace, the named defendant appeals. Affirmed.

Bailey & Richards, of Dalhart, for appellant. R. E. Stalcup, of Dalhart, for appellee.

HUFF, C. J. This is an appeal from a judgment of the county court of Dallam county, dismissing the petition of appellant railway company for certiorari to the justice of the peace for precinct No. 2 of said county and to send up the record in the case of J. H. Boyce against appellant and the El Paso & Southwestern Railway Company, wherein Boyce sued to recover $150 for damages for the killing of two horses of the alleged value of $75 each, alleged to have been caused by the negligence of the defendants in the transportation of the horses from Curvo, N. M., to Dalhart, Tex., October 18, 1915. The suit therefor was filed in the justice court on the 8th day of February, 1916, and judgment was rendered therein for the amount sued for October 1, 1917, reciting that the plaintiff, Boyce, dismissed as to the El Paso & Southwestern Railway Company, and rendering judgment by default against the appellant railway company. The record shows proper service against appellant in the justice court, and the judgment recites that, upon hearing the pleadings and the evidence, the court proceeded to render judgment against appellant for the amount so established. The petition for the writ alleged the rendition of the judgment; that on the 15th of October, 1917, the justice of the peace issued an execution against appellant, which was then in the hands of the constable, who was threatening to levy the same; and further alleged that, after the service of appellant before the justice of the peace, appellant immediately began to investigate the justness of the claim, and pending the investigation of the claim appellant placed the defense in the hands of J. Y. Powell, a local attorney at Dalhart, and that by agreement

between said local attorney and appellee's attorney, and at the request of appellee's attorney, the cause was continued from time to time in order that Boyce might secure the written testimony of two witnesses; that in the meantime Powell removed from Dalhart to Houston, Tex., leaving appellant without a local attorney; that the attorney for Boyce assured the railway company that nothing more would be done without notice to it, and that he would not call the case up for trial until due notice had been issued; that the continuance and delays by Boyce and his attorney were at his instance and in order to procure the testimony of the two witnesses; that the depositions of the witnesses were not obtained until the latter part of March, 1917, which were then forwarded to appellant to examine; that its files of investigation papers disclosed no liability on its part, and it so wrote to the attorney for Boyce April 25th, returning to him the depositions; that, on the 28th of April, Boyce's attorney again wrote the attorney for the railroad, requesting further investigation and that the road offer a reasonable settlement of the case; that on the 30th of April its attorney wrote he would do so, and that on the 19th day of June appellant's attorney wrote that further investigation failed to disclose liability, and stated therein, if appellee concluded to further prosecute the suit, that the road would have to arrange for a local attorney, and would be glad to have him advise the road after giving the case consideration, suggesting in the letter that the road would be willing to pay the costs already incurred if it could avoid employing a local attorney; that appellee's attorney assured appellant the case would not be called without due notice in time to prepare the case and to procure a local attorney; that on the 1st day of October, 1917, without notice to appellant, appellee, in the absence of his own attorney, procured judgment of which appellant was not apprised until too late for appeal. It is alleged in the petition: "Petitioner alleges that it was not liable for any sum in said suit but had a good defense thereto, and was ready and willing to present the same to the court upon notice from the plaintiff that the case would be called for trial;" that the assurance that appellant should have ample notice of the time of taking up said case caused it to slacken its preparation for the trial, and it is alleged again in general terms that it had, and now has, a good defense, and that it had been prevented from presenting the same solely by the act of Boyce and his attorney; that it had not in any manner been guilty of negligence, and that an injustice had been done, etc.; praying for a writ of certiorari. The petition is signed by Bailey & Richards, as attorneys for the petitioner. The following is the jurat to the petition: "J. S. Bailey, being duly sworn, says the

206 S.W.—8

matters set forth in the foregoing petition are true," signed by J. S. Bailey. Upon presentation of the petition to the county judge he granted the prayer for certiorari and fixed the amount of the bond. The bond was executed and the writ issued. At the first term of the court thereafter appellee presented his motion to dismiss the certiorari, "for the reason that the petition and the affidavit to same does not contain and state a sufficient cause for the issuance of such writ of certiorari." The trial court entered an order sustaining the motion and dismissed the certiorari, from which order this appeal is prosecuted.

[1] By a proper assignment the appellant asserts error in sustaining the motion. While the motion does not appear to have questioned the affidavit or jurat specifically on the ground that Bailey does not state the capacity in which he represented the appellant, and that the facts stated were within his knowledge true and correct, we nevertheless have grave doubts as to the sufficiency of the affidavit in that particular, and we cannot know judicially that J. W. Bailey was an attorney representing appellant, or that the facts stated within the petition were within his knowledge true. They may have been true, but they must have been true within the knowledge of the party making the affidavit which should disclose that fact. Article 745, R. C. S., provides the writ shall not be granted unless the party applying for the same, "or some person for him, having knowledge of the facts, shall make affidavit in writing, setting forth sufficient cause to entitle him thereto." Spinks v. Mathews, 80 Tex. 373, 15 S. W. 1101; Hughes v. Underwood Typewriter Co., 187 S. W. 399. The jurat perhaps is sufficient if the petition itself disclosed the necessary facts. It will be seen from the petition that it negatives the fact that Bailey was appellant's attorney in the case before the justice court. It is stated that the agreements, promises, etc., were made to and with other persons, and that because of such promises appellant had no one representing it locally. The petition so showing, we are inclined to believe that it should have shown that Bailey was its agent or attorney in making the affidavit, and that the facts stated therein were known to the affiant to be correct. We infer from the petition that the correspondence was not with him, and he did not make any of the agreements alleged.

[2-4] Certiorari to review a justice court judgment is not granted as a matter of right. The application is addressed to the discretion of the court, and in considering the petition the court should look to the application as well as to the transcript to determine the merits on the motion to dismiss. The mere general statement that appellant had a good defense or that injustice has been done is not sufficient, but the petition must state facts upon which it is expected to recover

should the writ be granted. Ford v. Williams, 6 Tex. 311; Perdew v. Steadham, 8 Tex. 276; Robinson v. Lakey, 19 Tex. 140; McBurnett v. Lampkin, 45 Tex. Civ. App. 567, 101 S. W. 864; Jirou v. Jirou, 136 S. W. 493; Hall v. Davidson, 176 S. W. 642; Hall v. Collier, 200 S. W. 880. The above cases, together with the authorities cited therein, established, we think, that the petition must allege the facts upon which reliance is had as a defense to the plaintiff's cause of action. Mere general averments that the defendant was not liable for damages is not, in our judgment, sufficient. There should be sufficient facts stated to show that probably upon another trial a different judgment would be had. The petition in this case alleged no facts by which the court could determine appellant's defense or whether it in fact had one except upon its mere assertion. In fact, the record shows there was evidence by deposition upon the trial of the case in the justice court. This evidence or its substance was not shown in the petition. The petition indicates that the record kept by it showed no liability on its part, but what that record or its substance is, is not set out. The justice court rendered its judgment upon evidence as shown by the recitals thereof. This evidence is not shown in the petition nor is there any excuse alleged for not producing it or setting it out. The petition shows affirmatively that appellant had examined the deposition and therefore knew its substance. The petition possibly alleged an excuse for not being present at the trial, but does not allege a sufficient excuse for having failed to make an appearance or to file an answer setting up its grounds of defense.

We believe the trial court ruled correctly, and the judgment will therefore be affirmed.

BOYCE, J., not sitting.

