### SCOTT v. TATE.
No. 709.

Court of Civil Appeals of Texas. Eastland.
May 30, 1930.

W. E. Lessing, of Abilene, for appellant.

York & Camp, of Abilene, for appellee.

HICKMAN, C. J.

This proceeding was instituted by appellant for a certiorari to the justice court of precinct No. 1, Taylor county, seeking to have brought to the county court of that county for review a certain judgment theretofore rendered in favor of appellee against appellant in the justice court. The justice court judgment was rendered on May 29, 1929. The affidavit for writ of certiorari was filed in the county court and presented to the county judge on August 3, 1929. The judge indorsed thereon his fiat ordering the issuance of the writ. The writ issued in obedience to this order was directed both to the justice of the peace in whose court judgment was rendered, and to a constable in Dallas county, staying all further proceedings under an alias execution which had been placed in the hands of the constable. This writ was issued on August 3, 1929, but was never served upon the justice of the peace. Thereafter, on August 23, 1929, another writ of certiorari was issued, which was served the following day upon the justice of the peace, commanding him to make and certify a copy of the entries in said cause on his docket, and transmit the same, together with the papers of said cause in his possession, to the county court of Taylor county on or before the first day of the next term thereof, to be holden within and for the county of Taylor on the third Monday in October, 1929; same being the 21st day of said month.

On the 20th day of August, 1929, the appellee, who was the adverse party in the certiorari proceeding, filed in the county court his motion to dismiss the proceeding. One of the grounds stated in the motion to dismiss was: "Sufficient cause does not appear in the affidavit, in that the facts, as stated in said affidavit, fail to show that injustice was done to the applicant, J. E. Scott, by the judgment rendered in the Justice Court."

Appellant filed his answer to the motion to dismiss on August 24th, setting up alleged

insufficiencies therein. On the same day judgment was entered in the county court sustaining appellee's motion and ordering all of the certiorari proceedings dismissed from that court. From this judgment an appeal has been duly perfected.

It is provided in article 944, Rev. St. 1925, that the writ shall not be granted unless the applicant, or some person for him having knowledge of the facts, shall make affidavit setting forth sufficient cause to entitle him thereto. The next succeeding article, 945, provides that, to constitute a sufficient cause the facts stated must show that either the justice of the peace had no jurisdiction or that injustice was done to the applicant by the final determination of the suit or proceedings, and that such injustice was not caused by his own inexcusable neglect. It is admitted by appellee that the facts stated in the affidavit for certiorari in the instant case were sufficient to acquit the appellant of inexcusable neglect. No question as to the jurisdiction of the justice court is presented. The sole contention is that the facts stated in the affidavit are insufficient to show that injustice was done to appellant in the rendition of the judgment in the justice court. We shall therefore consider only those allegations in the affidavit which are claimed by appellant to show this fact. Such allegations are contained in paragraph 3 of the affidavit, and are as follows:

"Said judgment is null and void in that said judgment was rendered against your petitioner as one of the defendants in a suit on a promissory note, said note being executed in the year A. D., 1926, the exact date your petitioner does not remember, and being due sometime in the year 1926 or the first three months of 1927, your petitioner not being able to designate the exact date but shows that it was within the time specified above. That your petitioner signed said note as surety for one W. A. Scott, who was the maker of said note, and that said W. H. Tate knew and had notice of the fact of the capacity in which your petitioner signed said note; that when said note became due and payable, which was more than two years prior to the institution of said suit in justice court aforesaid, your petitioner received no notice from said W. H. Tate or any other person that the maker of said note had failed to pay same, and neither said W. H. Tate nor any other person notified your petitioner that the maker of said note had failed to pay same, and therefore your petitioner believed and had every reason to believe that said note had been paid off and discharged, and so believed until served with citation in said justice court suit wherein petitioner was named defendant, some three years after the due date of said note; that when your petitioner signed said note as surety he did not waive his right to notice of failure of the maker of said note to

pay the same, but insisted upon same, and did not agree that extension of the due date of said note should be made without his notice and consent and did not give such consent; that when said note became due your petitioner received no notice of the failure of the maker of the note to pay same, and did not agree to any extension of the time for payment of said note and did not know that said note had not been paid by the maker thereof on the due date."

It will be noted that article 945 provides that the facts stated, as distinguished from the conclusions stated, must show that injustice was done the applicant. As was said by Chief Justice Huff in Railway v. Boyce (Tex. Civ. App.) 206 S. W. 112, 113:

"The mere general statement that appellant had a good defense or that injustice has been done is not sufficient, but the petition must state facts upon which it is expected to recover should the writ be granted. Ford v. Williams, 6 Tex. 311; Perdew v. Steadham, 8 Tex. 276; Robinson v. Lakey, 19 Tex. 140; McBurnett v. Lampkin, 45 Tex. Civ. App. 567, 101 S. W. 864; Jirou v. Jirou [Tex. Civ. App.] 136 S. W. 493; Hall v. Davison [Tex. Civ. App.] 176 S. W. 642; Hall v. Collier [Tex. Civ. App.] 200 S. W. 880. The above cases, together with the authorities cited therein, established, we think, that the petition must allege the facts upon which reliance is had as a defense to the plaintiff's cause of action. Mere general averments that the defendant was not liable for damages is not, in our judgment, sufficient. There should be sufficient facts stated to show that probably upon another trial a different judgment would be had."

To the same effect is Parker Motor Company v. Hamilton (Tex. Civ. App.) 9 S.W.(2d) 426, and authorities there cited.

The question for our determination is: Would the facts above alleged, if they had been established in the justice court, have constituted a defense to appellee's suit on the note? If not, the trial court's judgment in the instant case dismissing the certiorari proceeding should not be disturbed. A consideration of the allegations convinces us that only one defense was attempted to be pleaded. That defense was that appellant was a surety on a promissory note, and had been discharged by the failure of the payee to notify him that his principal had failed to pay same at maturity. Was this a valid defense? This exact question has been determined adversely to appellant's contentions in the case of Georges v. Fricke (Tex. Civ. App.) 283 S. W. 221, 223 (error refused). In that opinion Justice Blair, speaking for the Austin court, used this language:

"It is also contended that sections 89, 102, and 103 of article 6001, Vernon's Sayles' Statutes 1922, provide that a surety shall

be discharged from liability in case of a failure to notify him of dishonor of the note when presented and payment refused by the maker. But such contention is wholly without merit, since those sections merely refer to indorsers and drawers of negotiable instruments, and have no reference to sureties. Williams v. Guaranty State Bank & Trust Co. (Tex. Civ. App.) 264 S. W. 194."

We concur in the conclusion announced, and hold that appellant was not discharged by the failure of appellee to notify him that his principal had not paid the note at maturity.

■ But it is here contended that, as against a general demurrer, the facts stated in the affidavit for certiorari were sufficient to charge that the maturity date of the note had been extended without the consent of appellant, thereby effecting his discharge. We cannot so construe the allegations. It is alleged that appellant did not agree that an extension of the due date should be made without his consent, and that he did not give such consent. Indulging every reasonable intendment in support of the sufficiency of the pleadings, we would not be justified in holding this an allegation that such extension had been made. That allegation could more reasonably be construed as an allegation that no extension of the due date was made, for we should not presume that the payee made a contract which, as against the surety, he had no right to make. On the contrary, if presumptions are to be indulged, we should presume rather that only such agreements were made as were proper to be made. It is therefore our opinion that the trial court did not err in holding the allegations of the affidavit insufficient to warrant the issuance of the writ, and in dismissing the proceeding.

■ Another question is presented here. The writ which was actually served upon the justice of the peace was returnable to the October term of the county court. The motion to dismiss the proceeding was filed and acted upon before the October term convened. Article 953, Rev. St. 1925, provides that, "At the first term of the court to which the certiorari is returnable, the adverse party may move to dismiss the certiorari for want of sufficient cause appearing in the affidavit, or for want of sufficient bond." It is contended that the court had no power to act upon the motion to dismiss at any time save during the October term of the court. We do not construe this article as a limitation upon the power of the court, but rather as fixing a limitation of time within which the motion to dismiss may be filed. Under it a movant has not the right to have the proceeding dismissed, if his motion for that purpose is filed after the expiration of the term at which the writ is returnable. The movant

could waive the issuance and service of citation upon him and answer prior to the return day of the next term. In the instant case both parties were represented at the hearing on the motion to dismiss, and no purpose save that of delay could have been served by a postponement of the hearing on the motion for a period of two months until the next term would convene. We believe the court was authorized to hear and determine the motion prior to the convening of the next term of court, and the contention of appellant to the contrary is overruled.

Finding no reversible error in the record, the judgment of the trial court will be affirmed.